## L. & C. MAYERS CO., Inc., v. FEDERAL TRADE COMMISSION.

### No. 60.

Circuit Court of Appeals, Second Circuit.
June 6, 1938.

Kurzman & Frank, of New York City (Sidney Newborg and John C. Gall, both

of New York City, of counsel), for petitioner.

W. T. Kelley, of Washington, D. C., Chief Counsel, Federal Trade Commission, and Edward L. Smith, of New York City, and James W. Nichol, of Washington, D. C., Sp. Attys., for respondent.

Felix H. Levy, of New York City, amicus curiæ on behalf of the American Nat. Retail Jewelers Ass'n in support of Commission's order.

Before MANTON, L. HAND, and AUGUSTUS N. HAND, Circuit Judges.

MANTON, Circuit Judge.

Petitioner is in the business of selling jewelry in interstate commerce and the respondent has ordered it to cease and desist, in connection with its sales and offers of sale, from representing itself in its catalogues and in other ways to be a wholesaler of jewelry.

The evidence shows that the petitioner sent out catalogues in which many of the articles offered for sale were pictorially and descriptively represented. These were sent chiefly to industrial concerns, cooperative buying bureaus, state and local governments and purchasing clubs. On the covers of such catalogues and at various places therein, the petitioner referred to itself as "Wholesale Jewelers". The articles were set forth in the catalogues at so-called list prices from which the purchasers were allowed a discount of 53% in order to find out the cost to them of each item. The catalogues specifically stated that list prices are not to be confused with retail prices and that the former term is used in order to permit prices to be quoted on which only one discount has to be computed. The catalogues also stated that if one purchased goods at lower prices at any other wholesale jewelers, the difference would be refunded within 30 days.

The stipulation of facts divides the purchasers from the petitioner into seven classes. The cease and desist order includes but three of these groups, which are as follows:

(1) Sales to industrial concerns, public utilities, banks and other similar organizations of articles not for resale but for use by such organizations where the sales are not in quantity lots;

(2) Sales to industrial concerns, public utilities, banks and other similar organizations buying merchandise not for resale but for the benefit of their employees, the merchandise being shipped by respondent directly to the employee for whom the merchandise is ultimately intended or to the organization purchasing the same, the organization paying the respondent therefor with its check and obtaining reimbursement from the employees, or the employee's money orders or personal checks being forwarded to the respondent by the organization making the purchase.

(3) Sales to mutual buying clubs maintained by fraternities, colleges or universities and to the employees of industrial public utility or similar organizations of articles purchased for the purpose of obtaining benefits in price and otherwise of such buying, where the merchandise purchased by such purchasers is not resold, but is applied to their own use or to the use of members of such organizations.

The order also sets forth a fourth group which prohibits sales not in quantity lots to individuals where the goods are not to be resold. Apparently this was intended to apply to a strictly retail type of business.

The gravamen of the complaint in this proceeding is unfair competition in selling at retail. The respondent has found that the petitioner represents itself to the purchasing public as selling at wholesale prices and that these prices are higher than the usual and customary prices charged by wholesalers of jewelry to purchasers thereof; that this deceived the retail buying public and so unfairly diverted trade to the petitioners from competitors who truthfully described their status. If the petitioner was doing purely a wholesale business, as it contends, there could be no unfair competition with retailers since the purchasers would have the wholesale field from which to buy and would not need to pay petitioner's higher prices or buy at retail at all.

As a description of what constitutes a wholesaler, the Commission says: "A wholesaler of jewelry is one who sells to the trade for resale and seldom, if ever, to the purchasing public, with the exception that sales to industrial concerns, public utilities, banks and other similar organizations, which purchase in quantity lots, i. e., simultaneous sales of more than one of a given item, not for resale, but for use by such organizations, are considered as wholesale transactions. It is the character

of sales to the trade that makes and distinguishes a wholesaler."

There is testimony of experts which justifies this definition of a wholesaler. This court in Great A. & P. Tea Co. v. Cream of Wheat Co., 2 Cir., 227 F. 46, and Mennen Co. v. Federal Trade Comm., 2 Cir., 288 F. 774, 30 A.L.R. 1120, has ruled to like effect.

The theory of the Commission's complaint is that the company sells to ultimate consumers; that in aid of such sales it uses catalogues designating itself as a wholesaler and that the purchasing public regards it as such—one selling to retailers at a price lower than the price at which the retailer sells; that consumers infer from this representation that they are buying at the prices at which retailers purchase, thereby saving an amount equal to the retailer's profit, and that the prices as fixed in the catalogues are wholesale prices; but such is not the fact and the consumer purchaser is thereby deceived.

■ The groups to whom the petitioner is directed not to sell representing itself as a "wholesaler" are consumers. There is evidence to justify the finding that the prices at which the petitioner sold were higher than normal wholesale prices. We will not disapprove a finding based upon conflicting evidence. Federal Trade Comm. v. Winsted Hosiery Co., 258 U.S. 483, 42 S.Ct. 384, 66 L.Ed. 729; Federal Trade Comm. v. Standard Education Society, 302 U.S. 112, 58 S.Ct. 113, 82 L.Ed. ——. Since the jewelry was sold to customers "not for resale", they are the ultimate purchasers. The evidence of experts as well as of other manufacturers and jewelers justifies the conclusion of the respondent that the petitioner was not a wholesaler. Such false and misleading representations which have a tendency and capacity to induce the purchase of petitioner's products in preference to the products of others (competitors) constitutes unfair competition within the meaning of section 5 of the Federal Trade Commission Act (38 Stat. 719, 15 U.S.C.A. § 45). Federal Trade Comm. v. Royal Milling Co., 288 U.S. 212, 53 S.Ct. 335, 77 L.Ed. 706; Brown Fence & Wire Co. v. Federal Trade Comm., 6 Cir., 64 F.2d 934, 936.

■ Petitioner contends that there is no public interest involved and therefore the order should not be approved. It is in the interest of the public to prevent the sale of commodities by the use of false and misleading statements and representations. Federal Trade Comm. v. Winsted Hosiery Co., 258 U.S. 483, 494, 42 S.Ct. 384, 385, 66 L.Ed. 729; Federal Trade Comm. v. Balme Co., 2 Cir., 23 F.2d 615, 620. Indeed, a representation may be unlawful under section 5 although the trader makes it innocently. Federal Trade Comm. v. Algoma Lumber Co., 291 U.S. 67, 81, 54 S.Ct. 315, 321, 78 L.Ed. 655. It is not necessary that the product so misrepresented be inferior or harmful to the public; it is sufficient that the sale of the product be other than as represented. Federal Trade Comm. v. Royal Milling Co., supra.

The order is affirmed and the order of enforcement is granted.