UNITED STATES v. PIUMA.

Civ. No. 927–RJ.

District Court, S. D. California, Central Division.

July 22, 1941.

Wm. Fleet Palmer, U. S. Atty., by John M. Gault, Asst. U. S. Atty., both of Los Angeles, Cal., for plaintiff.

C. M. Castruccio, of Los Angeles, Cal., for defendant.

JENNEY, District Judge.

This is an action by the United States to recover civil penalties prescribed by the Federal Trade Commission Act, 15 U.S.C. A. § 45(*l*). The plaintiff has moved for summary judgment upon the pleadings.

Defendant sells and distributes, from his place of business in Los Angeles to customers in various states and in the District of Columbia, a medical preparation known as "Glendage".

The complaint alleges and the answer admits the issuance and service by the Federal Trade Commission of a complaint dated September 5, 1934; the appearance and answer of the defendant before the Commission; the issuance and service upon the defendant of a cease and desist order dated April 6, 1937; and the failure of the defendant to seek review of that order. The pleadings in the proceeding before the Commission are attached to the complaint.

The cease and desist order of the Commission requires defendant to refrain from representing, directly or indirectly:

"1. That said preparation is a gland tonic;

"2. That said preparation will restore vigorous health;

"3. That said preparation is the best gland remedy known;

"4. That said preparation constitutes a remedy for glands."

The order further requires defendant to refrain from making, or continuing to make, six other statements concerning the merits of the product.

It is further alleged in the complaint that defendant has caused to be published, in newspapers having a wide interstate circulation, advertisements soliciting the sale of Glendage in various states of the United States and in the District of Columbia. The advertisements are each alleged to be substantially as follows:

"Money-Back

"Gland Tablet

"Calls for Trial

"Every cent will be refunded if results from Glendage are unsatisfactory. That's how sure we are that we have one of the best gland tablets known. Thousands of tests have proven this to our full satisfaction. You, too, may prove it without risking a penny.

"Glendage, in convenient tablet form, is the private prescription of Jos. A. Piuma, Graduate Pharmacist. It contains the extracts from the glands of healthy animals and its purpose is to help stimulate all the glands to healthy activity. You will be surprised at its invigorating action. Vigorous health is necessary for success in all activity today.

"Asthma, ......"

Thirteen publications are alleged, the complaint setting forth the name of the newspaper and the date published. Defendant admits that, "as alleged in paragraphs VIII and IX of the complaint, he has continued the sale of his said product, and has since advertised the same in the manner and form alleged * * *." There is no denial of any of the publications charged.

In paragraph IX it is alleged that by reason of the representations the defendant did violate the order and become liable to pay not more than $5,000 for each violation. The prayer asks $60,000 with costs.

■■■■ Plaintiff failed to allege directly that the advertisements were made in connection with offers or sales in interstate commerce. The limitation of the power of the Federal Trade Commission to transactions in interstate commerce is settled by a recent decision of the Supreme Court in Federal Trade Commission v. Bunte Brothers, Inc., 312 U.S. 349, 61 S.Ct. 580, 85 L. Ed. 881. The court there held that under the Federal Trade Commission Act, 15 U. S.C.A. § 41 et seq., the Commission has no power to control purely intrastate businesses even though unfair methods of competition are used which detrimentally "affect" interstate competitors. The court placed its decision upon principles of statutory construction, and did not question the constitutional power of Congress to confer upon the Commission power over intrastate transactions which "affect" interstate commerce. From the complaint in the instant case it is fairly deducible that the advertisements were made in connection with interstate business. Since the defendant has not raised any objection to the form of the complaint, this possible lack of definiteness will not prevent the court from giving judgment for the plaintiff if it is otherwise so entitled.

The question before the court is this: Except as to the amount of damages, is there here raised a genuine issue as to any material fact? If not, plaintiff may be entitled to judgment as a matter of law.

■■ Defendant opposes the motion for a summary judgment, first, on the ground that the order of the Commission was void as beyond the jurisdiction of the Commission. This question has already been decided adversely to the defendant by our associate, Judge McCormick, who denied defendant's motion to dismiss. This court concurs in the holding of its associate that the prerequisites to the exercise of power by the Commission set forth in Federal Trade Commission v. Raladam Co., 1931, 283 U.S. 643, 646, 51 S.Ct. 587, 75 L.Ed. 1324, 79 A.L.R. 1191, were disclosed in the proceeding before the Commission. The complaint before the Commission charged and it was found that defendant was engaged in interstate commerce; that he falsely advertised his product; that he was in substantial competition with others in interstate commerce; and that the proceeding was in the interest of the public. There is no need to look to amendments to the Federal Trade Commission Act to determine whether the Commission had jurisdiction, and the court does not do so.

Defendant's second objection is that, before the court can hold that the order was

violated, it must be determined by this court, as a question of fact, whether Glendage is "a gland tonic."

In 1937, even after the issuance of a cease and desist order, the burden of moving under the statute as it then read was upon the Commission. To secure compliance with the order, the Commission was then required to seek an order of enforcement from the Circuit Court of Appeals. It was only after a further violation of the court's order that sanctions might be imposed upon the defendant. The defendant was permitted, if he desired, to appeal to the Circuit Court for an order setting aside the Commission's order even though the Commission had not theretofore petitioned for an order of enforcement. No time limit was set by the Act within which either of such actions had to be taken. However, under the amendatory Wheeler-Lea Act of 1938, Section 45 (g) of Title 15, U.S. C.A., it is provided that an order of the Commission becomes final unless the defendant files a petition for review with the Circuit Court of Appeals within sixty days from the date of service of the Commission's order. This 1938 amendment also provides that, as to orders served on or before the date of the enactment of the amendment, the sixty-day period shall run from the date of the enactment of the amendment (March 21, 1938). See footnote following 15 U.S.C.A. § 45(*l*). The cease and desist order issued against the defendant in this suit, therefore, became final May 20, 1938.

Is it the province of this court to try the truth or falsity of the defendant's advertisements already found to be false by the Commission? The answer to this question depends upon the meaning to be given the word "final" as used in subsection (g).

The purpose of the provision was to bring the doctrine of res judicata into the Federal Trade Commission's jurisprudence. Hearings before the Committee on Interstate and Foreign Commerce on H.R. 3143, 75th Cong. 1st Sess. (1937) 56-58; 39 Columbia L.Rev. 271; 34 Ill.L.Rev. 626-629; The Control of False Advertising under the Wheeler-Lea Act, Milton Handler, 6 Law and Contemp.Prob. 91.

Other subsections of Section 45, Title 15, U.S.C.A. should be considered in determining the meaning to be given subsection (g). The review by the Circuit Court of Appeals is upon the entire record, including all evidence taken. The findings of the Commission, if supported by evidence, are conclusive. That court is, therefore, in a position to pass upon the facts. In this court we do not have the record before the Commission, and must necessarily accept the findings of that body. Moreover, subdivision (d) provides: "The jurisdiction of the circuit court of appeals of the United States to affirm, enforce, modify, or set aside orders of the Commission shall be exclusive."

Considering the scheme of the statute in its entirety, it is apparent that the defendant is not entitled thereunder to a trial in this court on facts determined by the Commission. Defendant's opportunity to challenge the Commission's findings was lost when he failed to petition for review prior to May 20, 1938. Giving finality to the order of the Commission when the defendant has the right of appeal is consonant with due process. Shields v. Utah Idaho Cent. R. Co., 305 U.S. 177, 59 S.Ct. 160, 83 L.Ed. 111.

The Commission determined that the advertising, against which the order was issued, was false and misleading. In his affidavit in opposition to the motion for summary judgment defendant states that he will present expert testimony and evidence of users to establish the capacity and tendency of the product to produce beneficial results. Such evidence should have been submitted in the proceeding before the Commission. This court will not now retry that issue.

At the time the complaint was issued by the Commission the use of false and misleading advertising which injures competitors was an unfair method of competition within the meaning of the statute. Federal Trade Commission v. Winsted Hosiery Co., 1922, 258 U.S. 483, 42 S.Ct. 384, 66 L.Ed. 729; L. & C. Mayers Co. v. Federal Trade Commission, 2 Cir., 1938, 97 F.2d 365; Justin Haynes & Co. v. Federal Trade Commission, 2 Cir., 1939, 105 F.2d 988.

In Federal Trade Commission v. Raladam, supra, the review was upon the entire record before the Commission, and the court held that there was no evidence of the existence of competitors. Here the court is bound by the finding of the Commission that there were interstate competitors who were injured.

Although paragraphs IV and V of the answer deny that the defendant has violated the order of the Commission, defendant does not take the position that this mat-

ter cannot be decided by the court on the motion for summary judgment. No testimony is necessary to enable the court to determine that the meaning and spirit of the advertisements violate the order. The substitution of "gland tablet" for "gland tonic" or "one of the best gland remedies known" for "the best gland remedy known" does not materially change the nature of the representations. In addition to these particular violations, the court is of the opinion that the advertisement as a whole violated the cease and desist order.

There being no substantial issue of fact in dispute, the plaintiff is entitled to summary judgment upon the present state of the pleadings.

The motion to vacate Judge McCormick's order of January 25, 1941, is denied.

Judgment for plaintiff on account of thirteen violations in the amount of $250 each, or a total of $3,250, in addition to costs.

It is so ordered.