**UNITED STATES of America, Plaintiff,**

v.

**SMITH FENCER CORPORATION and Jack D. Smith, Defendants.**

**Civ. A. No. 28831.**

United States District Court,
E. D. Michigan, S. D.
March 17, 1970.

James H. Brickley, U. S. Atty., Eastern District of Mich., Detroit, Mich., for plaintiff.

Leonard B. Shulman, Flint, Mich., for defendants.

ROTH, District Judge.

## RULING ON MOTION FOR SUMMARY JUDGMENT

This is a civil action brought by the United States of America, pursuant to Title 15 U.S.C. § 45(a) (1), against the defendants to recover penalties for alleged violation of a cease and desist order issued by the Federal Trade Commission which prohibited certain advertising representations.

The action before the Federal Trade Commission upon which this cause is based was instituted for the purpose of prohibiting certain representations concerning the guarantee and effectiveness of a device called the "Super Atom Charger" for charging wire fences with electricity to prevent cattle from straying. The Commission deemed that the representations were unfair and deceptive acts and practices and to be unfair methods of competition in violation of the Federal Trade Commission Act.

On January 10, 1961, the defendants and their counsel entered into an agreement with the attorney supporting the complaint, which agreement contained a Consent Order to Cease and Desist, and agreed that a record might be made as if all jurisdictional facts were admitted. On March 30, 1961, the Federal Trade Commission issued its decision and order. It was served upon the defendants by registered mail. The Order became final by operation of law on May 29, 1961. The Order states as follows:

"IT IS ORDERED that respondents Smith-Fisher Corporation, a corporation, and its officers, and Jack D. Smith, an individual and as officer of said corporation, and respondents' agents, representatives and employees, directly or through any corporate or other device, in connection with the offering for sale, sale or distribution of a fence charger known as Super Atom Charger, or any other charger of substantially the same construction or operation, do forthwith cease and desist from representing, directly or indirectly that:

1. Their product is effective in confining farm animals in an enclosure under all climatic or fencing conditions without the use of insulators.

2. Their product is twenty times, or any other number of times, more short resistant than other fence chargers.

3. Green grass, brush, rain or ice will not cause a short in the operation of said product.

4. Their product will effectively or safely charge more than 10 miles of fence with insulators or will effectively or safely charge any stated number of miles of fence without insulators.

5. Their product has a mechanism that adjusts it to the various climatic conditions under which it will be operated.

6. Their product is guaranteed unless the nature and extent of the guarantee and the manner in which respondents will perform thereunder are clearly set forth."

On August 10, 1968, the United States of America filed a 13-count Complaint alleging that from June of 1962 to June of 1963 the defendants caused advertise-

ments to be published in violation of the cease and desist order. The defendants filed their answers denying the violations and asserting affirmative defenses which were subsequently stricken by order of the Court. The parties are now before the Court on the government's motion for summary judgment.

In response to the government's requests for admission, the defendants have admitted, during the period of time when the advertisements are alleged to be in violation of the Commission's order, the following:

1. That Jack D. Smith, either alone or in collaboration with Willard Seigel, the Treasurer and Office Manager of the corporate defendant, prepared the advertising copy used by the defendant to advertise the Super Atom Charger.

2. That Jack D. Smith made the final decision concerning the makeup and publication of the advertisements.

3. That the defendants placed all of the advertisement for the Super Atom Charger through Clayton L. Troutner, an advertising agent trading as Owosso Advertising Agency.

4. That the defendants, in connection with the offering for sale and distribution in commerce of the Super Atom Charger, caused advertisements to be published and disseminated in the issues of the publications listed in the Complaint.

5. That the advertisement published in the *Idaho Farmer,* as alleged in Count I of the Complaint, was published under the caption "Fence Chargers" and is as follows:

"Super Atom Fence Charger. Staple fence wire to wood post, no insulators. Contains reliable make and break system to insure safer charged fences. Operates on 110 volts. Neon fence tester Free with order. Plus 20–day trial period. Only $29.50 postpaid or C.O.D. Dealers Wanted. Write Smith Fencer Corp., Dept PN, Owosso, Michigan.

"Low price fence controller with unique features. Write today for in-formation and lowest prices on charger which can be stapled to wood posts, —no insulators. Shock through weeks [sic], green grass, brush, etc., rain or shine. Many other features. Satisfaction guaranteed. Dealer or individual. Smith-Fencer Corp., Dept. PN., Owosso, Michigan."

6. That the advertisement published in the *Pacific Northwest Farm Quad,* as alleged in Count II of the Complaint, was published under the caption "Fence Chargers," and is as follows:

"Low price fence controller with unique features. Write today for information and lowest prices on charger which can be stapled to wood posts, —no insulators. Shock through weeds, green grass, brush, etc., rain or shine. Many other features. Satisfaction guaranteed. Dealer or individual. Smith-Fencer Corp., Dept. PN., Owosso, Michigan."

7. That the advertisements published in the various news media, as alleged in Counts 3, 4, 5, 6, 7, 8, 9, 10, 11, and 12, are basically the same, and were published under such captions as "Electric Fence Controller," "Farm Machinery," or "Fence Chargers"; and are as follows:

"SUPER atom fence charger—Staple wire to wood posts, no insulators. Shocks thru weeds, green grass, brush, etc., rain or shine. Contains reliable make and break system with lightning arrestor built in. Neon fence tester free with order. Plus 20–day trial period. All this and more for only $29.50 postpaid or C.O.D. Dealers wanted. Write Smith Fencer Corporation, Dept. HS, Owosso, Michigan."

(The defendants have not admitted each and every issue of a publication listed in the Complaint as they do not have a copy of the tear sheet. However, it should be noted that the various counts charge that the advertisement appeared in several issues of a given publication so that even if the issues to which the defendants have made no admission are

ignored, they have admitted the other issues listed in the respective counts of the Complaint.)

8. That they neither admit nor deny the advertisement in the *Prairie Farmer,* as alleged in Count 14 of the Complaint as they do not have a copy of the advertisement. However, they have admitted that they submitted the advertisement to the advertising agent and instructed him to submit it for publication; and, they have admitted that Exhibit D-2 of Plaintiff's Request of Admissions is a true and genuine copy of the tear sheet of the June 15, 1963 issue of the *Prairie Farmer.* That advertisement is as follows:

"Electric Fence Chargers? Smith Fencer has what you want. You choose. Staple fence wire to wooden posts, no insulators. 40 day money-back guarantee. Defective parts replaced at factory during first 3 years with only a postage charge. Our competitive model Super Atom Jr. sells at $24.50 or we recommend, pay a little more and get a lot more. For best performance choose our regular Super Adam for only $29.50 postpaid. Shocks through weeds, green grass, brush, etc., rain or shine. Other unique features. Neon fence tester free with order. Dealers wanted. Smith Fencer Corp., Dept. PF, Owosso, Mich."

9. That the defendant Smith Fencer Corporation, and/or the defendant Jack D. Smith, submitted the advertising copy for the advertisements referred to in paragraphs 5, 6, 7, and 8 above, which were published as alleged in Counts 1 through 12 and 14 of the Complaint, to Clayton L. Troutner, Owosso Advertising Agency, and instructed said agent to submit the advertising to various newspapers and magazines for publication.

10. That the defendant Smith Fencer Corporation, and/or the defendant Jack D. Smith paid Clayton L. Troutner for the advertising placed by said agent in the news media as alleged in: Counts 1 to 12 and Count 14 of the Complaint.

11. That the Exhibits B–14, B–15, B–17, B–18, B–19, and D–2 of the Plaintiff's Request for Admissions are true and genuine copies of a section of a tear sheet of the publications of which they represent. (These exhibits pertain to Counts 1 to 5.)

The advertisements which the Government alleges violate the order to cease and desist are in the following words, and are usually published under headings such as "Electric Fence Controllers," "Farm Machinery," or "Fence Chargers."

1. "Super Atom Fence Charger. Staple fence wire to wood posts, no insulators. Contains reliable make and break system to insure safer charged fences. Operates on 110 volts. Neon fence tester Free with order. Plus 20–day trial period. Only $29.50 postpaid or C.O.D. Dealers Wanted. Write Smith Fencer Corp., Dept. PN, Owosso, Michigan.

"Low price fence controller with unique features. Write today for information and lowest prices on charger which can be stapled to wood posts, —no insulators. Shock through weeds, green grass, brush, etc., rain or shine. Many other features. Satisfaction guaranteed. Dealer or individual. Smith-Fencer Corp., Dept. PN., Owosso, Michigan."

2. "Low price fence controller with unique features. Write today for information and lowest prices on charger which can be stapled to wood posts, —no insulators. Shock through weeds, green grass, brush, etc., rain or shine. Many other features. Satisfaction guaranteed. Dealer or individual. Smith-Fencer Corp., Dept. PN., Owosso, Michigan."

3. "SUPER atom fence charger— Staple wire to wood posts, no insulators. Shocks thru weeds, green grass, brush, etc., rain or shine. Contains reliable make and break system with lightning arrestor built in. Neon

fence tester free with order. Plus 20–day trial period. All this and more for only $29.50 postpaid or C.O.D. Dealers wanted. Write Smith Fencer Corporation, Dept. HS, Owosso, Michigan."

4. "Electric Fence Chargers? Smith Fencer has what you want. You choose. Staple fence wire to wooden posts, no insulators. 40 day money-back guarantee. Defective parts replaced at factory during first 3 years with only a postage charge. Our competitive model Super Atom Jr. sells at $24.50 or we recommend, pay a little more and get a lot more. For best performance choose our regular Super Atom for only $29.50 postpaid. Shocks through weeds, green grass, brush, etc., rain or shine. Other unique features. Neon fence tester free with order. Dealers wanted. Smith Fencer Corp., Dept. PF, Owosso, Mich."

The government contends that the various advertisements represent that the Super Atom Charger is effective in confining farm animals in an enclosure under all climatic conditions without the use of insulators; that green grass, brush, and rain will not cause a short; and, that the product is guaranteed without disclosing the nature and extent of the guarantee nor the manner in which the guarantor will perform under the guarantee. The Court, after having examined and considered the pleadings and exhibits filed in this cause, agrees with the contention of the government, and further finds that there is no genuine issue of material fact, that the advertisements do violate the cease and desist order, and that the government is entitled to a judgment as a matter of law. United States v. Piuma, 40 F.Supp. 119 (S.D.Cal.1941), aff'd *sub nom.*, Piuma v. United States, 126 F.2d 601 (9th Cir. 1942). United States v. Vulcanized Rubber & Plastics Co., 288 F.2d 257 (3rd Cir. 1961), cert. denied, 368 U.S. 821, 82 S.Ct. 38, 7 L.Ed.2d 26 (1961).

Accordingly, the government's motion for summary judgment is granted. An appropriate order may be submitted on the issue of liability. The parties may submit additional pleadings as to the amount of the penalty within 30 days of this opinion.