Joseph J. PINKUS, trading as More-Wate Co., Plaintiff,

v.

Louis A. REILLY, Postmaster of the City of Newark, New Jersey, Defendant.

Civ. A. No. 856-56.

United States District Court
D. New Jersey.

Dec. 26, 1957.

2. C.C.1908, 165 F. 550.

3. 1947, 80 Cal.App.2d 621, 182 P.2d 615.

4. 60 Vt. 280, 13 A. 636.

5. 1914, 181 Ind. 486, 104 N.E. 849.

Fast & Fast, Newark, N. J., Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., by Edward Mullinix, Philadelphia, Pa., of counsel, for plaintiff.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Charles H. Hoens, Jr., Asst. U. S. Atty., Newark, N. J., for defendant.

HARTSHORNE, District Judge.

The issue in these proceedings involves the scope and effect of the Administrative Procedure Act, 5 U.S.C.A. § 1001 et seq., which has been the subject of such lengthy interest and debate on both Executive and Congressional levels, as outlined in the case of Wong Yang Sung v. McGrath, 1949, 339 U.S. 33, 70 S.Ct. 445, 94 L.Ed. 616. The importance of this problem to the public is emphasized by the fact that it is cited in the Report of the Committee on Administrative Tribunals and Enquiries Presented by the Lord High Chancellor to Parliament by Command of Her Majesty, July, 1957, as "a matter of concern on both sides of the Atlantic."

Specifically, under the provisions of the fraud order statute, 39 U.S.C.A. §§ 259, 732, plaintiff Pinkus was brought before the Post Office Department for an administrative hearing as to whether or not he had violated that statute, by advertising a preparation which he alleged would result in the increase of the weight of the user. The Hearing Examiner entered a finding adverse to Pinkus and on appeal the Department entered a similar decision, save that Pinkus claims that this appeal decision went primarily on a ground not adverted to at the original hearing, in which both he and his counsel participated.

Pinkus now moves for summary judgment and asks the issuance of a permanant injunction against further procedure by the Department on the above fraud order of the Department. Pinkus attacks this appellate decision of the Department on the grounds that (1) it was wrong on the merits, in that his advertisement was neither misleading nor intentionally fraudulent, both of which it must be to be invalid under the statute, Reilly v. Pinkus, 1949, 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63, (2) the Department violated the statute, 5 U.S.C.A. § 1004(b), by its refusal to consider bona fide the compromise of the situation which he offered consisting of a changed advertisement, (3) the hearing was invalid in any event because (a) there was no separation of functions between the adjudicating and prosecuting authorities, as required by the statute, ibid., § 1004(c), and (b) there was no publication of the "central and field organization" of the Department, "including the delegations by the agency of final authority," covering the above action against Pinkus, as required by the statute, ibid., § 1002(a).

The last above point raised by Pinkus seems to be directly and clearly covered by the terms of the Administrative Procedure Act itself, which provides that "no person shall in any manner be required to resort to *organization* or *procedure* .not so published," ibid., § 1002(a) (emphasis added). As shown

in *Wong Yang Sung,* 339 U.S. at page 42, 70 S.Ct. at pages 450, previous to the enactment of the Administrative Procedure Act, when "the same men are obliged to serve both as prosecutors and as judges. [t]This not only undermines judicial fairness; it weakens public confidence in that fairness." Thus not only did this Act require an end to the commingling of the functions of adjudication and prosecution, but it required the publication by an administrative department of its "organization" on the one hand, and its "procedure" on the other, in order to create "public confidence in that [the Department's] fairness." The opinion of our highest court in *Wong Yang Sung* adds:

> "* * * it would be a disservice to our form of government and to the administrative process itself if the court should fail, so far as the terms of the Act warrant, to give effect to its remedial purposes where the evils it was aimed at appear * * * It is the plain duty of the courts, regardless of their views of the wisdom or policy of the Act, to construe this remedial legislation to eliminate, so far as its text permits, the practices it condemns." 339 U.S. at pages 41, 45, 70 S.Ct. at page 450.

█ The question thus is whether at the time Pinkus was proceeded against by the Department, as above, the Department had complied with this publication requirement. The prosecution of Pinkus by the Department, as above, was initiated February 7, 1955, so the specific question is whether at that time there existed in the Federal Register the published "central and field organization" of the Post Office Department, its "delegation of final authority," and its "procedures" to which Pinkus was "required to resort" as above. We turn to such facts.

Prior to May 17, 1954, the Department regulations, published in the Federal Register, covering the Department's "organization," showed that the Department Solicitor, stipulated to have been succeeded now by its General Counsel, had the sole prosecuting power of that Department in the kind of proceedings involved here.[1]

In addition, by separate regulations so published and entitled "Procedures of the Post Office Department," the Solicitor, now General Counsel, was expressly given the duty to file complaints in such proceedings.[2] On May 17, 1954, to this General Counsel, now vested with prosecuting authority generally, including both the supervision of prosecutions, and, as a matter of procedure, the filing of complaints, there was delegated the adjudicating authority.[3] This indubitably constituted a vio-

1. 16 Fed.Reg. 6623, July 7, 1951; 39 Code of Fed.Regs. § 1.9(f) (1) (1949 Ed., pocket supplement). This states inter alia that the solicitor [now the general counsel] shall be charged "with the preparation and presentation before the Hearing Examiners of all cases in which final adjudication is required by the Administrative Procedure Act to be made upon the record after opportunity for agency hearing". (Brackets added.)

2. 16 Fed.Reg. 6683, July 10, 1951; 39 Code of Fed.Regs. § 150.403 (1949 Ed., pocket supplement). "Whenever the Solicitor [now General Counsel] of the Post Office Department shall have reason to believe that any person or concern is using the mails in any manner requiring administrative action by the Postmaster General, where the authorized ac-

tion is required by the Administrative Procedure Act to be taken only after opportunity for agency hearing, he shall prepare and file with the Docket Clerk a complaint which shall name the person or concern involved; state the legal authority and jurisdiction under which the proceeding is initiated; state the facts in a manner sufficient to enable the person or concern named therein to make answer thereto; and recommend the issuance by the Postmaster General of an appropriate order. The person or concern so named in the complaint shall be known as the respondent." (Brackets added.)

3. Postmaster General's Order No. 55628; published in 19 Fed.Reg. 3065 (May 27, 1954), which provided: "Decisions of the Solicitor [now General Counsel]

lation of the above separation of functions provisions of the Administrative Procedure Act, as it was then, and is now, in effect.[4] Pinkus' counsel insists that this was due to no inadvertence, as evidenced by the Department's attempts to have Congress exempt it altogether from the provisions of the Administrative Procedure Act. Note the confession of error in that regard by the Solicitor General of the United States in the case of Cates v. Haderlein, 1951, 342 U.S. 804, 72 S.Ct. 47, 96 L.Ed. 609. But this matter of intent seems relatively immaterial.

■ On June 3, 1954, while this violation of the Act by the Department continued, the above "Procedures" provisions of the Department were slightly amended to vest in the Assistant General Counsel the duty to file complaints similar to that here involved against Pinkus.[5] But the violation continued, since the General Counsel continued to have the general supervisory power over such prosecutions and over his assistant, as stated in note 1, supra, together with the sole adjudicating authority in such cases, as stated in note 3, supra.

When on December 1, 1954, the Post Office Department revised its regulations and published them, the duty of the Assistant General Counsel to file such complaints, published as "Procedures," was repeated, and this verbatim.[6] In addition, these revised regulations, as published, specifically stated that "Rules dealing with *organization* and *delegation of authority,* substantive rules, and rules

of *procedure* will be *separately* stated pursuant to the requirements of Section 3(a) of the Administrative Procedure Act (5 U.S.C.A. § 1002)".[7] (Emphasis added.) The Department's intention was thus clear that this regulation of its "Procedures," as so repeated, covered its "Procedures" only, and did not cover its "Organization." However, the Federal Register of December 1, 1954, which published such revised regulations covering Department "Procedures," did not contain any publication whatever of any regulations covering "Organization", which by the Department's own rule were to be "separately stated." The old organizational regulation cited in note 1, supra, was completely deleted. This condition continued through the time the present proceedings were taken by the Department against Pinkus.

It is thus clear that Pinkus was "required to resort to organization * * * not so published"—in the Federal Register. This obviously violates the above provision of the statute that "no person shall in any manner be required to resort to organization or procedure not so published." Thus the Department's present proceedings against Pinkus are invalid.

The Department attempts to avoid this invalidity of its action against Pinkus, by claiming that these regulations as to "Procedures" actually were regulations covering both "Procedures" and "Organization." But the Department's own words, as above, where they say that "rules dealing with organization

made under the authority of this order shall be the final agency decision except that the Solicitor may refer any proceeding to either the Postmaster General or the Deputy Postmaster General for final decision." (Brackets added.)

**4.** 5 U.S.C.A. § 1004(c), providing in part: "No officer, employee, or agent engaged in the performance of investigative or prosecuting functions for any agency in any case shall, in that or a factually related case, participate or advise in the decision, recommended decision, or agency review pursuant to section 1007 of

this title except as witness or counsel in public proceedings."

**5.** 19 Fed.Reg. 3255, amending 39 Code of Fed.Regs. § 150.403 (1949 Ed., pocket supplement), as stated in note 2, by substituting: "Assistant Solicitor, [now Assistant General Counsel] Fraud Division" for the word "Solicitor [now General Counsel]." (Brackets added.)

**6.** 19 Fed.Reg. 7849; 39 Code of Fed.Regs. § 201.4 (Revision of 1955) (changing the section number from 150.403 to 201.4).

**7.** 19 Fed.Reg. 7859; 39 Code of Fed.Regs. § 201.100(b) (Revision of 1955).

\* \* \* and rules of procedure will be separately stated \* \* \*" belie any such argument. So do the previous words of the Department, in repeatedly publishing these very same words as to filing complaints, etc., and calling them "Procedures," at the same time that it published separately regulations as to its "Organization."[1]

Of course, the Department's claim is immaterial that in this case in fact the General Counsel did not tell the Assistant General Counsel what to do in prosecuting Pinkus. For the purpose of the Act is not only to see that such commingling of the judicial and prosecuting authority does not occur in fact in a single case, but to see that it can never occur, and that the public should know, by publication, that it can never occur, in order to insure their confidence in the fairness of their government.

It is a further interesting question whether the Administrative Procedure Act as adopted prevents all such harmful commingling of the functions of adjudication and prosecution or only certain harmful commingling, leaving certain commingling of prosecuting and adjudicating authority still lawful. This question is raised now by the parties since, as seen above, in this case it is not the prosecuting authority which is alleged to be the superior of the adjudicating authority, which *Wong Yang Sung* holds to be prohibited, but rather it is the adjudicating authority which is alleged to be the superior of the prosecuting authority. At first the Department agreed with Pinkus that this was a distinction without a difference, and it is clear that in either aspect such commingling may have harmful results, and so is contrary to the spirit of the Act itself. Now the Department claims that in fact, according to its plan of "organization," (unpublished as above) its "General Counsel" is not the superior of this particular "Assistant General Counsel," when the latter prosecutes fraud cases, despite these titles, and despite the fact that its General Counsel is the superior of any or all other Assistant General Counsel in charge of all the Department's other legal proceedings—a rather unusual situation. However, assuming this to be correct in fact, it is unnecessary to pursue this point through the lengthy legislative history of the statute, in view of the clear invalidity of the present procedure against Pinkus, because of his being required to "resort" to the Department's unpublished plan of "organization" pertinent to its prosecution of him. For the same reason, it is unnecessary to consider the other issues above alluded to. Indeed, in view of Pinkus' formal offer to compromise by changing his advertisement, any decision as to the present advertisement would shortly be but academic. And, of course, as soon as the Department complies with the Administrative Procedure Act, it is free to take any further action against Pinkus which it then deems requisite to protect the public.

The facts herein stated and the conclusions of law herein expressed shall be considered the findings of fact and the conclusions of law required by Fed.Rules Civ.Proc. rule 52, 28 U.S.C.

The motion of Pinkus for summary judgment and the issuance of injunction will be granted. Settle order accordingly.

---

[1] 16 Fed.Reg. 6623, July 7, 1951; 39 Code of Fed.Regs. § 1.9(f) (1) (1949 Ed., pocket supplement). This states inter alia that the solicitor [now the general counsel] shall be charged "with the preparation and presentation before the Hearing Examiners of all cases in which final adjudication is required by the Administrative Procedure Act to be made upon the record after opportunity for agency hearing". (Brackets added.)