**UNITED STATES of America,**
**Libellant,**

v.

**42 JARS . . . "BEE ROYALE CAPSULES \* \* \*", Claimant.**

**Civ. A. No. 1212-57.**

United States District Court
D. New Jersey.
April 11, 1958.

Chester A. Weidenburner, U. S. Atty., Newark, N. J., by Jerome D. Schwitzer, Asst. U. S. Atty., Asbury Park, N. J., for libellant.

Platoff, Platoff & Heftler, Union City, N. J., Bass & Friend, New York City, of counsel, for claimant.

HARTSHORNE, District Judge.

Under the provisions of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. A. § 334(a),[1] the libellant seized 42 jars of what are called "Bee Royale Capsules", as a drug which was misbranded, while held for sale after shipment in interstate commerce, within the meaning of the statute (21 U.S.C.A. § 352(f) (1)),[2] in that its labeling did not set forth the claimed conditions for the cure of which the product was purportedly sold, as it should have done, United States v. El Rancho Adolphus Products, D.C.M.D.Pa. 1956, 140 F.Supp. 645, 648, affirmed sub. nom. U. S. v. Hohensee, 3 Cir., 1957, 243 F.2d 367, 370; Irons v. U. S., 1 Cir., 1957, 244 F.2d 34; and also in that the said product was a "new drug" within the meaning of the statute, 21 U.S.C.A. § 321(p)(1), as to which no effective application had been filed previously, as required by the statute.[3]

While the libel was filed and the seizure occurred in the District of Massachusetts, the case was removed by order to this Court for trial, 21 U.S.C.A. § 334(a). Bee Royale, Inc., a New York corporation, appeared here as owner and claimant, filed answer and now moves to dismiss the libel and for summary judgment under the Rules, Fed.Rules Civ. Proc. rules 12(b), 56(b), 28 U.S.C.

The sole basis upon which the claimant makes such motion is that, subsequent to the above seizure, proceedings were instituted by the Post Office De-

---

1. "Any article of food, drug, device, or cosmetic that is adulterated or misbranded when introduced into or while in interstate commerce or while held for sale (whether or not the first sale) after shipment in interstate commerce, or which may not, under the provisions of section 344 or 355, be introduced into interstate commerce, shall be liable to be proceeded against while in interstate commerce, or at any time thereafter, on libel of information and condemned in any district court of the United States with-

in the jurisdiction of which the article is found * * *".

2. "A drug or device shall be deemed to be misbranded * * * (f) Unless its labeling bears (1) adequate directions for use; * * *".

3. 21 U.S.C.A. § 355 "(a) No person shall introduce or deliver for introduction into interstate commerce any new drug, unless an application filed pursuant to subsection (b) is effective with respect to such drug."

partment, not against this claimant but against Nature Food Centres, involving its selling Bee Royale Capsules through the mails. These proceedings were on the ground that such sale was a "scheme for obtaining money * * * through the mails by means of false or fraudulent pretenses * * *", in violation of 39 U.S.C. § 259 and § 732. Bee Royale, Inc., claims that these subsequent Post Office proceedings had meanwhile been adjudicated in its favor, so that the Government is now estopped to claim that these similar drugs violate either of the above provisions of the Federal Food, Drug and Cosmetic Act, primarily on the theory of *res judicata*, as applied in the recent case of United States v. R. C. A. (and National Broadcasting Company), D.C.E.D.Pa.1958, 158 F.Supp. 333. We turn to the legal principles there involved.

■ It is elemental that to constitute *res judicata* there must have been, prior to the instant suit (1) an adjudication (2) of the same issues here involved (3) between the same parties or their privies. United States v. International Building Co., 1952, 345 U.S. 502, 504, 73

S.Ct. 807, 97 L.Ed. 1182; Lawlor v. National Screen Service, 1955, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122. Nor does the theory of collateral estoppel apply, save as to issues "actually litigated and determined in the prior suit." *Lawlor*, supra.

But here none of these essential elements appears. (1) There has been no prior adjudication; (2) the issues "adjusted", not adjudicated, in the Post Office Department proceeding, are not the same as those here involved; (3) while the U. S. is the moving party in both proceedings, no privity has been shown to exist between Bee Royale, Inc. and Nature Food Centres.

Not only so, but if Bee Royale, Inc. and Nature Food Centres are perchance privy, then the present claimant is privy to an agreement with the Post Office Department that such proceedings "will not act as a defense or relieve the undersigned of responsibility for violation of any other statute" than the above mailing statute. See "Affidavit of Agreement" annexed to the present motion papers as Exhibit B.[4]

4. " * * * With a view to obviating the necessity for further proceedings herein, it is voluntarily agreed:

"That in any future mail order operation of the enterprise involved in this proceeding, affiant will not represent or make any claims for the preparation being sold in said enterprise that: 1. It will 'rejuvenate failing or worn-out glandular activities in human beings'; 2. It constitutes 'a fountain of youth' and a 'restorer of sexual vigor', or that it will restore sexual vitality to impotent persons; 3. It will grow hair on bald heads or where the hair is thinning; 4. It will restore youthful sex functions to women in menopause; 5. It will insure good health to users.

"That the acceptance of this affidavit by the Assistant General Counsel, Fraud and Mailability Division, of the Post Office Department, as a basis for disposing of the pending charges now involved herein shall not be construed as an approval of any business which the said affiant has conducted or may hereafter conduct under the name aforesaid set

forth in the caption hereof, or any other name or names;

"It is further agreed that if the Post Office Department receives evidence showing the resumption of the enterprise as herein agreed to be discontinued, in violation of the terms of this affidavit, the Assistant General Counsel, Fraud and Mailability Division, Post Office Department, may issue or cause to be issued to affiant a ten (10) days' notice for a hearing to determine whether a violation of the said affidavit has been made and that in the event of any affirmative determination of that issue, a fraud order may issue forthwith against any name or names then employed by affiant in the operation of the said mail order enterprise;

"Affiant understands that this affidavit relates exclusively to the proceeding specified in the caption hereof and its filing will not act as a defense or relieve the undersigned of responsibility for violation of any other statute, but the filing shall not be construed as a confession that the said instant statutes or

That this "Affidavit of Agreement", the final act of the parties in the above Post Office proceedings, was not an adjudication of any res but a mere "settlement" or "adjustment" of the controversy between the Post Office Department and Nature Food Centres, as authorized by the Federal Administrative Procedure Act, Title 5, Executive Departments, § 1004(b),[5] is clear from its terms.

In the next place, the issues in these Post Office proceedings differ from those involved in the present libel. The gist of the Government's charge in the Post Office Department proceedings was that the shipper of the capsules made specific and fraudulent representations as to the marvelous cures the capsules would achieve. These proceedings connoted a charge of intentional fraud. Reilly v. Pinkus, 1949, 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63; Pinkus v. Reilly, D.C. N.J.1957, 157 F.Supp. 548. On the contrary, the present libel does not charge a false representation, let alone one involving actual fraud. It charges a *failure to represent*, i.e., to state on the labeling of the capsules the ailments or conditions for the cure of which they were to be used by the public. Clearly this is a different issue than that presented in the Post Office Department proceedings, quite regardless of the lack of an adjudication there. Similar is the difference between the above Post Office proceedings and the other charge here made that the capsules are a "new drug", as to which the claimant has not proceeded as required by the statute.

Nor is the decision of *United States v. R. C. A.*, supra, at all to the contrary. There the court was passing on the validity of an agreement between the National Broadcasting Company and the Westinghouse Broadcasting Company in exchanging between themselves two television and radio stations. This transaction had been specifically approved by the Federal Communications Commission. Thereafter the Government brought the instant proceedings to adjudge this exchange agreement to be in violation of the Sherman Act, 15 U.S.C.A. § 1 et seq. The court held in the above case:

"There is no doubt that, in finding that the exchange was in the public interest, it [the Federal Communications Commission] necessarily decided * * * that the exchange did not involve a violation of a law [the Sherman Act] which declares and implements a basic economic policy of the United States." 158 F.Supp. at page 336.

In other words, the court found that the first adjudication did involve the very issue which the Government later sought to raise.

■ Claimant also argues double jeopardy. But this argument, as well, is insubstantial, both because of the difference in issues, and because of the basic principle that double jeopardy applies only to criminal proceedings. The libel proceedings here are civil.

An order may be entered dismissing the above motion.

---

any other statute has been violated;

"The undersigned, upon acceptance of this affidavit by the Assistant General Counsel, Fraud and Mailability Division of the Post Office Department, as a basis for disposing of the pending charges, waives all rights to any present or future indemnity covering insured or c. o. d. shipments of the merchandise sold under the above names and involved in this proceeding, and agrees that any such claim may be forthwith disallowed by the Post Office Department."

5. "(b) The agency shall afford all interested parties opportunity for (1) the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment where time, the nature of the proceeding, and the public interest permit, and (2) to the extent that the parties are unable so to determine any controversy by consent, hearing, and decision upon notice and in conformity with sections 1006 and 1007 of this title." Title 5, Executive Departments, § 1004(b).