Milton LOW, d.b.a. Low's Food Store and Peter Small, d.b.a. House of Health

v.

Raymond A. THOMAS, Postmaster, Philadelphia, Pennsylvania, and Harvey Eck, Postmaster, Emmaus, Pennsylvania.

Civ. A. No. 23051.

United States District Court
E. D. Pennsylvania.

Aug. 4, 1958.

Bass & Friend, New York City, by Milton A. Bass, New York City, for plaintiffs.

Harold K. Wood, U. S. Atty., Henry J. Morgan, Asst. U. S. Atty., Philadelphia, Pa., for the postmaster.

KRAFT, District Judge.

This suit, by way of a complaint for a preliminary and permanent injunction seeks review of the Postmaster's issuance of a "fraud order" under which all mail addressed to plaintiffs is returned to the sender stamped "Fraudulent" and payment of all postal money orders drawn to the order of plaintiffs is forbidden.

As one ground for the issuance of an injunction, plaintiffs urge that the administrative hearing which terminated in the issuance of the "fraud order" was invalid because of the Post Office Department's failure to comply with the provisions of the Administrative Procedure Act requiring publication by the Agency of its central and field organization, and, further requiring a separation of functions between adjudicating and prosecuting personnel.

The question for decision is whether, at the time these proceedings were instituted by the Department, these provisions were complied with. Because we believe that the instant "fraud order" is void and unenforceable for the first reason advanced by plaintiffs, we do not consider their remaining contentions.

After requiring agencies to publish descriptions of their central and field organization, including delegations of final authority, § 3(a) of the Administrative Procedure Act, 5 U.S.C.A. § 1002(a), provides that,

"No person shall in any manner be required to resort to organization or procedure not so published."

In Pinkus v. Reilly, D.C.D.N.J.1957, 157 F.Supp. 548, Judge Hartshorne, in an able opinion traced the development of departmental regulations and concluded that, at the time administrative proceedings were instituted against the plaintiff there, the Department had failed to publish its organization in compliance with the A.P.A., thus requiring plaintiff to resort to unpublished organization. The court held that the proceedings against Pinkus were thereby rendered invalid.

The prosecution of Pinkus was initiated February 7, 1955. The Department made no attempt to publish its organization between that date and August 21, 1956, the date on which prosecution of the present plaintiffs was initiated and, consequently, we are impelled to reach the same conclusion as Judge Hartshorne.[1] We note also Columbia Research Corp. v. Schaffer,[2] 2 Cir., 1958, 256 F.2d 677 and Vibra Brush Corp. v. Schaffer,[3] 2 Cir., 1958, 256 F.2d 681, in which similar "fraud orders" were held unenforceable for failure of the Department to publish its central and field organization and delegations of final authority.

The Department, upon compliance with the provisions of the A.P.A., may take any further action against plaintiffs which it considers necessary in order to carry out the functions entrusted to it by Congress in 39 U.S.C.A. §§ 259 and 732.[4]

Plaintiffs' prayer for a permanent injunction will be granted upon submission by counsel of an appropriate order.

1. The defendant Postmaster in Pinkus appealed from Judge Hartshorne's decision but, upon his own motion, the appeal was dismissed. See record, Pinkus v. Reilly, 3 Cir., 1958, No. 12,613.

2. 3. Both decided May 13, 1958.

4. See Pinkus v. Reilly, D.C.D.N.J.1957, 157 F.Supp. 548, 552. Since the filing of the present complaint, the Department has published regulations in the Federal Register which are apparently designed to meet the objections raised by the plaintiffs herein. 23 Fed.Reg. 2817 (April 26, 1958); 23 Fed.Reg. 4010 (June 7, 1958).