## GEORGE H. LEE CO. v. FEDERAL TRADE COMMISSION.

### No. 419.

Circuit Court of Appeals, Eighth Circuit.

July 23, 1940.

Rehearing Denied Aug. 28, 1940.

Donald J. Burke, of Omaha, Neb., for petitioner.

William T. Chantland, Sp. Atty., of Washington, D. C. (W. T. Kelley, Chief Counsel, Martin A. Morrison, Asst. Chief Counsel, and James W. Nichol, Sp. Atty., all of Washington, D. C., on the brief), for respondent.

Before GARDNER and SANBORN, Circuit Judges, and COLLET, District Judge.

SANBORN, Circuit Judge.

The petitioner, a Nebraska corporation engaged in advertising, distributing and selling in interstate commerce a product called "Gizzard Capsules" as a remedy or vermifuge for worms in poultry, has petitioned for the review of an order of the Federal Trade Commission requiring that petitioner "cease and desist from representing: (1) that said product is a remedy or vermifuge for all three kinds of worms in poultry; (2) that said product will remove pinworms from poultry; (3) that said product will remove tapeworms from poultry unless it be represented with equal conspicuousness that this product merely shears off the strobilae or chain of segments of the tapeworm, leaving the head of

584

the worm, capable of growing new segments, attached to the intestines of the fowl."

The petitioner challenges this order upon one ground, which is that the representations which the Commission found to be false and misleading, and which are prohibited by its order, had previously been adjudicated by a court of competent jurisdiction not to be false representations, in a libel proceeding brought by the government to condemn forty-seven packages of "Gizzard Capsules", which adjudication it is claimed was binding upon the Commission.

The libel proceeding was instituted on August 8, 1934, in the United States District Court for the Western District of Missouri. The United States in that proceeding charged that this same product was "misbranded in violation of the Food and Drugs Act, Section 8 as amended, Paragraph Third, 21 U.S.C.A. § 10, in the case of drugs, in that the following statements, appearing upon and within the package of the product, are statements regarding the curative or therapeutic effect of the article and are false and fraudulent, in this, that the article contains no ingredient or combination of ingredients capable of producing the effect claimed, and that the same were applied to the said article knowingly and in reckless and wanton disregard of their truth or falsity: (Package label—same for all sizes) 'For * * * Large Tape Worms and Pin (Ceca) Worms in Chickens and Turkeys * * * For the Removal of * * * Large Tape and Pin (Ceca) Worms in Poultry * * * delivers the medicine, undiluted, fresh and full strength directly upon the worms in the intestines. * * * ' (Circular) 'For * * * Large Tape and Pin Worms in Chickens and Turkeys * * * To lay well, hens must be reasonably free from worms * * * Worm your flock with Gizzard Capsules; * * * to expel the worms * * * the exact full strength dose of worm medicine is emptied into the intestines and reaches the worms. * * * ' "

The petitioner, as claimant and manufacturer of the product, defended the libel proceeding. It denied that the labels or circulars contained false statements as alleged by the government, and denied that its statements were either false or fraudulent or that the capsules were incapable of producing the effects that it was represented they would produce. There were,

then, two issues of fact presented for determination in the libel proceeding: (1) Were the challenged statements contained in the labels and circulars false? (2) Was the petitioner guilty of fraud in making such statements? After a trial, the court resolved both of these issues in favor of the petitioner and entered a decree dismissing the proceeding. The government took no appeal, and the decree became final.

Thereafter, on June 11, 1936, the Federal Trade Commission issued its complaint charging petitioner with the use of unfair methods of competition in interstate commerce within the meaning of the "Federal Trade Commission Act", Sections 41–58, U.S.C.Title 15, 15 U.S.C.A. §§ 41–58, to the injury of competitors, by soliciting the sale of and selling "Gizzard Capsules" upon "extravagant, deceptive, misleading and false statements regarding the therapeutic value, efficacy and effect" of its product in advertisements on labels and in pamphlets, newspapers and magazines. The Commission further charged that "as a result thereof, substantial injury has been, and is now being, done by respondent [petitioner here] to substantial competition in commerce among and between the various States of the United States and in the District of Columbia."

The petitioner moved to strike so much of the complaint as was based upon representations as to the efficacy of its product for the treatment of large roundworms, large tapeworms and pinworms in poultry, on the ground that in the libel proceeding the falsity of such representations was in issue, and that the court in its decree had determined that they were not false, and, in so doing, had necessarily determined the product to be efficacious for the purposes for which it was intended and sold. The motion to strike was denied, and the petitioner filed its answer denying the allegations of the complaint and asserting the defense of res judicata. The Commission overruled that defense, apparently upon the theory that the decree in the libel proceeding was not binding upon it; and, after extended hearings, it found that petitioner, in advertising its product, represented that it was a single remedy for the several kinds of worms in poultry and that this single remedy for all kinds of worms was better than separate remedies for each kind of worm; and also found "that respondent's [petitioner's] product is not an

effective vermifuge for all three kinds of worms, nor is it better than separate remedies for each kind of pin worms or for tape worms in poultry. When administered to fowl infested with tape worms this product tends to shear off the tape worm strobilae or chain of segments, leaving the tape worm heads attached to the intestines of the fowl. These heads are capable of growing, and do quickly grow, new segments." The Commission further found that: "Respondent's representations, herein described, have had and now have a tendency and capacity to, and do, mislead and deceive the purchasing public into an erroneous and mistaken belief concerning the therapeutic value, efficacy and effect of 'Gizzard Capsules'. A substantial portion of the purchasing public, as a direct result of said mistaken and erroneous belief, have purchased respondent's product with the result that trade has been diverted unfairly to the respondent from competitors likewise engaged in the business of selling and distributing products designed for similar usage, who truthfully advertise and represent the properties of their respective products and the results that may be obtained from their use. As a result thereof, substantial injury has been done and is now being done by respondent to competition in commerce among and between various states of the United States and in the District of Columbia." The Commission concluded that the acts and practices of petitioner complained of were all to the prejudice of the public and of petitioner's competitors and constituted unfair methods of competition in commerce within the intent and meaning of the Federal Trade Commission Act. It thereupon entered the order complained of.

The petitioner has not included in its record in this court the testimony taken before the Commission and concedes that, unless the Commission was precluded from entering its order because of the decree in the libel proceeding, the order must stand. It denies the right of the Commission to relitigate any issues which were determined in the libel proceeding, and to make its findings on such issues, either in whole or in part, the basis for its order.

There is force in respondent's contention that the issues tried and determined in the proceedings initiated by and had before it differed in essential particulars from those tried and determined by the court in the libel proceeding. It is apparent, however, that the government—having failed, in the libel proceeding, to secure a determination that the "Gizzard Capsules" were misbranded and that the representations made by the petitioner on labels and circulars were false on the ground that the product, which concededly would remove large roundworms from poultry, would not completely remove large tapeworms or pinworms—then initiated this proceeding through the Federal Trade Commission to secure a determination that the same or substantially the same representations which were asserted to be false and fraudulent in the libel proceeding were in truth and fact false and misleading and therefore constituted an unfair method of competition in commerce within the meaning of the Federal Trade Commission Act. Although the remedies sought by the government in the two proceedings were different—condemnation in the first, and a cease and desist order in the second,—it is obvious that the alleged falsity of the representations of the petitioner with respect to the therapeutic value and effectiveness of its product constituted the main basis for each of the proceedings; that in the libel proceeding the court determined that the representations that the product was a remedy for tapeworms and pinworms. as well as large roundworms were not false, while the Commission later determined that the representations with respect to pinworms and large tapeworms were false and misleading. It is equally obvious that the Commission completely disregarded the effect of the decree entered in the libel case in conducting its proceedings and in making its findings of fact, conclusions of law, and order.

▇▇▇ Where the underlying issue in two suits is the same, the adjudication of the issue in the first suit is determinative of the same issue in the second suit. Sunshine Anthracite Coal Co. v. Adkins, 60 S.Ct. 907, 916, 84 L.Ed. 1263. "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government. See Tait v. Western Maryland Railway Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405." Sunshine Anthracite Coal Co. v. Adkins, supra, at page 917 of 60 S.Ct., 84 L.Ed. 1263. "Where a suit binds the United States, it binds its subordinate officials." Sunshine Anthra-

cite Coal Co. v. Adkins, supra, at page 917 of 60 S.Ct., 84 L.Ed. 1263. The United States may not relitigate the same issue in successive libel proceedings involving different quantities of the same product (George H. Lee Co. v. United States, 9 Cir., 41 F.2d 460), nor may it relitigate the same issue in any proceeding in which the parties are the same and the product is the same. The rule is "that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and, even if the second suit is for a different cause of action, the right, question, or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified." Southern Pac. R. Co. v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 27, 42 L.Ed. 355; Mitchell v. First National Bank, 180 U.S. 471, 480, 481, 21 S.Ct. 418, 45 L.Ed. 627; Tait v. Western Maryland Railway Co., 289 U.S. 620, 623, 53 S.Ct. 706, 77 L.Ed. 1405.

Unless a question which a court or an administrative board has power to decide is to be regarded as conclusively settled as between the parties by the final decree of the court or the final order of the board, there can be no end to a controversy except as the result of the financial disability of one of the parties. If the question of the falsity of the representations of the petitioner contained on its labels and circulars had been determined adversely to the petitioner in the libel proceeding, it could not have been heard to say in the proceedings instituted by the Commission that such representations were true. By the same token, the United States and its instrumentality, the Commission, were not, after the decree in the libel proceeding, entitled to say that the representations made by the petitioner which had been finally adjudged not to be false, were in fact false. The government had had its full day in court on that issue, had lost its case, and could not collaterally attack, either directly or indirectly, the decree entered against it.

The contentions of the respondent that the court in the libel proceeding merely determined that the petitioner had not intentionally misrepresented the therapeutic qualities of its product, whereas the Commission in the proceeding before it ruled that the petitioner's representations were untrue and misleading, is not borne out by the record. The court in the libel proceeding determined that the representations, directly challenged and distinctly put in issue by the government, were not false, and, in doing so, necessarily determined that the product of the petitioner was a remedy for the three kinds of worms in poultry. The Commission, on the other hand, has determined that the representations upon which the libel proceeding was based were in fact false and misleading. The main underlying issue in both the proceedings was the same, namely,—Are the representations made by the petitioner false because the product has not the therapeutic qualities claimed for it?

Whether the Commission, if it had accepted as a fact that the representations which had been alleged to be false in the libel proceeding were not false, could have found other representations in the advertising of the petitioner which would have justified findings and conclusions that petitioner had been guilty of unfair competition in interstate commerce, we are not asked to decide, and manifestly could not decide upon the record presented. The order of the Commission is based, in large part at least, upon its finding that the representations that petitioner's product was an effective remedy or vermifuge for all three kinds of worms were untrue. The Commission thus plainly failed to accord to the decree in the libel proceeding the effect to which it was entitled. The Commission redetermined an issue which was already settled by a court of competent jurisdiction and reached a contrary conclusion. Under the circumstances, we think that its order cannot stand.

The order is vacated without prejudice to such further proceedings as are not inconsistent with this opinion.