## PIUMA v. UNITED STATES.
### No. 9934.

Circuit Court of Appeals, Ninth Circuit.

March 9, 1942.

Rehearing Denied April 15, 1942.

Canepa & Castruccio, of Los Angeles, Cal. (Horace W. Danforth, of Los Angeles, Cal., of counsel), for appellant.

Wm. Fleet Palmer, U. S. Atty., and James L. Crawford, and John M. Gault, Asst. U. S. Attys., all of Los Angeles, Cal. for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

On April 6, 1937, in a proceeding under § 5 of the Federal Trade Commission Act, 15 U.S.C.A. § 45, the Commission ordered appellant, Joseph A. Piuma, to cease and desist from directly or indirectly representing that Glendage—a nostrum sold and distributed by appellant in interstate commerce —(1) is a gland tonic; (2) will restore vigorous health; (3) is the best gland remedy known; (4) constitutes a remedy for glands; (5) is the last word in modern science in gland remedies, and stimulates all the glands to healthy activity; (6) is entirely unlike other so-called gland remedies; (7) stands superior as a tonic; (8) is a remedy for cases of nervousness, overwork, lack of vim and lack of vigor; (9) will return one to the full vigor of manhood or womanhood; (10) is a competent and effective treatment or corrective for use in remedying the ailments and conditions hereinabove mentioned. The order was served on appellant on April 10, 1937. No petition to review it was ever filed. It therefore became final on May 20, 1938,[1] and was at all times thereafter in full force and effect.

On April 24, 1940, appellee, the United States, brought an action against appellant under § 5(*l*) of the Federal Trade Commission Act, as amended by § 3 of the Act of March 21, 1938, c. 49, 52 Stat. 111, 15 U.S.

---

[1] Federal Trade Commission Act, §§ 5(c) and 5(g), as amended by § 3 of the Act of March 21, 1938, c. 49, 52 Stat. 111, 15 U.S.C.A. §§ 45(c) and 45(g). See, also, § 5(a) of the Act of March 21, 1938, c. 49, 52 Stat. 117, 15 U.S.C.A. § 45 note.

C.A. § 45(*l*).[2] The complaint charged thirteen violations of the order, in that, between September 15, 1938, and January 30, 1940, appellant had published thirteen newspaper advertisements, each of which was substantially as follows: "Money-Back Gland Tablet Calls for Trial. Every cent will be refunded if results from Glendage are unsatisfactory. That's how sure we are that we have one of the best gland tablets known. Thousands of tests have proven this to our full satisfaction. You, too, may prove it without risking a penny. Glendage, in convenient tablet form, is the private prescription of Jos. A. Piuma, Graduate Pharmacist. It contains the extracts from the glands of healthy animals and its purpose is to help stimulate all the glands to healthy activity. You will be surprised at its invigorating action. Vigorous health is necessary for success in all activity today. Asthma, Diabetes, Rheumatism, Constant Tiredness, Low Blood Pressure, Prostate Gland Trouble, Nervousness and others are ailments frequently cause by gland disorders. You owe it to yourself and family to try this new gland tablet. It is a real gland product and carries an unlimited money-back guarantee if it does not give complete satisfaction. 30-day treatment, $3.00."

Answering, appellant admitted all material allegations of the complaint. There being no issue as to any material fact, appellee moved for a summary judgment.[3] The motion was granted and judgment was entered in appellee's favor for $3,250 ($250 for each violation of the Commission's order) and for costs. From that judgment this appeal is prosecuted.

The appeal is a frivolous one. Facts warranting the judgment were alleged in the complaint and admitted in the answer. Thus, instead of a defense, the answer was, in effect, a confession of judgment. There was and is no basis for an appeal.

The answer stated appellant's conclusion that the Commission had no jurisdiction to make the order, but stated no facts warranting the conclusion. Instead, it admitted facts showing the conclusion to be unwarranted and false. The complaint alleged and the answer admitted that the Commission issued its complaint and notice of hearing on September 5, 1934, and caused the same to be served on appellant on September 10, 1934; that appellant answered the Commission's complaint on October 2, 1934; and that, after a hearing at which evidence was received in support of the Commission's charges (no evidence being offered by appellant), the Commission made its report, stating its findings as to the facts, and thereupon made the order first hereinabove mentioned. Copies, admitted to be true copies, of the Commission's complaint and report are attached to and made part of appellee's complaint. Therefrom it appears that the Commission charged and found all facts[4] essential to its jurisdiction. Its findings are not here open to review.

The answer stated appellant's conclusion that his admitted publication of the thirteen above mentioned newspaper advertisements did not constitute a violation of the order—a conclusion which a reading of the advertisements shows to be false. Each advertisement was, in substance and effect, a representation that Glendage constitutes a remedy for glands. Thus, in each of the thirteen publications, appellant made at least one of the representations from which the order required him to cease and desist.

Because the Commission's order was prior to the enactment of § 5(*l*) of the Fed-

---

[2] "Any person * * * who violates an order of the Commission to cease and desist after it has become final, and while such order is in effect, shall forfeit and pay to the United States a civil penalty of not more than $5,000 for each violation, which shall accrue to the United States and may be recovered in a civil action brought by the United States."

[3] Federal Rules of Civil Procedure Rule 56, 28 U.S.C.A. following section 723c.

[4] The Commission charged and found that appellant was engaged in the business of selling and distributing Glendage in interstate commerce in competition with persons, firms, partnerships and corporations engaged in the interstate sale and distribution of other preparations used and useful in the treatment of ailments and conditions for which Glendage was represented by appellant to be an effective treatment; that appellant, in the conduct of his business, had made and was making the representations from which the Commission ordered him to cease and desist; that these representations were false and misleading and constituted unfair methods of competition in commerce within the meaning of the Federal Trade Commission Act; and that a proceeding in respect thereof was in the interest of the public.

eral Trade Commission Act,[5] 15 U.S.C.A. § 45(*l*), under which this action was brought, appellant contends that "the award of penalties was ex post facto and constitutionally void." There is nothing in the point; for, although the order was prior, appellant's violations of the order were subsequent to the enactment.

Other contentions made by appellant are so devoid of merit as to require no discussion.

Judgment affirmed.

See, also, 126 F.2d 606.

Maider & Maider, of Gloversville, N. Y. (Wesley H. Maider and Lydon F. Maider, both of Gloversville, N. Y., of counsel), for appellant-trustee.

John J. Bennett, Jr., Atty. Gen. of New York (Henry Epstein, Sol. Gen., and Timothy F. Cohan and Edward J. Grogan, Jr., Asst. Attys. Gen., of counsel), for appellee New York State Tax Commission.

Before SWAN, AUGUSTUS N. HAND and CLARK, Circuit Judges.

---

[5] Section 5(*l*) was added to the Federal Trade Commission Act by § 3 of the Act of March 21, 1938, c. 49, 52 Stat. 111.