## UNITED STATES v. WILLARD TABLET CO.
### No. 8398.

Circuit Court of Appeals, Seventh Circuit.
March 7, 1944.

B. Howard Caughran, U. S. Atty., of Indianapolis, Ind., Tom C. Clark, Asst. Atty. Gen., and Paul A. Pfister, Asst. U. S. Atty., of Indianapolis, Ind. (James B. Goding, of Boston, Mass., of counsel), for appellant.

John A. Nash, Arthur H. Schwab and Albert I. Kegan, all of Chicago, Ill., for appellee.

Before SPARKS and MAJOR, Circuit Judges, and LINDLEY, District Judge.

MAJOR, Circuit Judge.

The United States (libelant) instituted this proceeding for condemnation of a quantity of Willard's Tablets shipped in interstate commerce on the ground that the labeling thereof was false, in violation of the Food, Drug, and Cosmetic Act, 21 U.S.C.A. §§ 352(a), 352(f), and the articles were therefore subject to seizure and confiscation (21 U.S.C.A. § 334). The claimant filed an answer to the government's amended libel, setting up three affirmative defenses. The lower court sustained the claimant's defense of res judicata, based upon a prior proceeding before the Federal Trade Commission, and dismissed the action. From the order of dismissal, the government has appealed.

The only question for decision is whether the proceedings before the Federal Trade Commission are res judicata, and, therefore, binding upon the District Court and determinative of the issues involved herein.

The government urges as a basis for overruling the lower court's holding that: (1) the issues herein involved were not determined by the Federal Trade Commission; (2) unaffirmed decisions of the Federal Trade Commission do not have the finality necessary to constitute res judicata; (3) there is no mutuality of estoppel; (4) the lower court's holding would impair the enforcement of the Food, Drug, and Cosmetic Act; and (5) the District Court improperly dismissed the amended libel as to that part alleging that the directions for use on the labeling were inadequate.

The facts as stipulated and adopted by the lower court effectively dispose of the government's first contention. The stipulation discloses: (1) that the statements relied upon by the government to uphold the charge of misbranding are identical with those approved by the Federal Trade Commission; (2) that the fundamental issue of fact as to whether the Willard Tablets would give the relief claimed was considered by the Federal Trade Commission.

We, therefore, have the incongruous situation of one branch of the government approving the method now pursued by the claimant and another branch seeking to condemn. This is, to say the least, placing claimant in an embarrassing situation and should be avoided if possible.

In George H. Lee Co. v. Federal Trade Commission, 113 F.2d 583, the Circuit Court of Appeals for the Eighth Circuit upheld, and we think properly so, the defense of res judicata. Therein, the condemnation proceedings were instituted prior to the action before the Federal Trade Commission. The court on page 585 said:

"Although the remedies sought by the government in the two proceedings were different—condemnation in the first, and a cease and desist order in the second,—it is obvious that the alleged falsity of the representations of the petitioner with respect to the therapeutic value and effectiveness of its product constituted the main basis for each of the proceedings * * *."

And further, on page 586:

"If the question of the falsity of the representations of the petitioner contained on its labels and circulars had been determined adversely to the petitioner in the libel proceeding, it could not have been heard to say in the proceedings instituted by the Commission that such representations were true. By the same token, the United States and its instrumentality, the Commission, were not, after the decree in the libel proceeding, entitled to say that the representations made by the petitioner which had been finally adjudged not to be false, were in fact false. The government had had its full day in court on that issue, had lost its case, and could not collaterally attack, either directly or indirectly, the decree entered against it."

And on page 585, the court stated:

"Where the underlying issue in two suits is the same, the adjudication of the issue in the first suit is determinative of the same issue in the second suit."

As was stated by the Supreme Court in Sunshine Coal Co. v. Adkins, 310 U.S. 381, 402, 60 S.Ct. 907, 917, 84 L.Ed. 1263:

"A judgment is res judicata in a second action upon the same claim between the same parties or those in privity with them. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195. There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in relitigation of the same issue between that party and another officer of the government. See Tait v. Western Maryland Ry. Co., 289 U.S. 620, 53 S.Ct. 706, 77 L.Ed. 1405."

The government's second contention seems to rest solely upon the provisions of the Federal Trade Commission Act, as amended, 15 U.S.C.A. § 45(b) (g), that the Commission may, under certain conditions, modify its order after the expiration of time for appeal. Therefore, the contention is that such power of modification leaves an unappealed order without that finality essential to invoke the doctrine of res judicata. With this contention we do not agree.

The Act provides that an order of the Commission shall become final at the expiration of sixty days if no appeal is taken (45(g)), and further provides for heavy penalties for violation of such order (45(l)). It further provides that "the findings of the Commission as to the facts, if supported by evidence, shall be conclusive." Subd. (c). Thus, even the reviewing court in the same proceeding is bound by the findings of the Commission. To allow their finality to be attacked in a collateral proceeding would seem to run counter to the provisions and purposes of the Act. As was said in the case of United States v. Piuma, D.C., 40 F.Supp. 119, 122:

"Is it the province of the court to try the truth or falsity of the defendant's advertisements already found to be false by the Commission? The answer to this question depends upon the meaning to be given the word 'final' as used in subsection (g). The purpose of the provision was to bring the doctrine of res judicata into the Federal Trade Commission's jurisprudence. * * * This court will not now retry that issue."

With this construction of the Act we agree. We must, therefore, uphold the decision of the lower court that the issues of fact tried by the Commission have a finality upon which res judicata may be predicated.

We agree with appellee's contention that mutuality of estoppel is not herein involved. We have held that the facts found by the Federal Trade Commission are conclusive and binding upon the District Court. The same result would obtain if the govern-

ment were depending upon these findings to sustain its charge of misbranding. The doctrine of res judicata is not dependent upon mutuality of estoppel by judgment, as is contended by the government. The cases cited in support of this contention are not applicable to the instant situation.

What we have heretofore said sufficiently disposes of the argument that the decisions of the Federal Trade Commission should not be allowed to impair the enforcement of the Food, Drug, and Cosmetic Act. Under the facts stipulated herein and to which this decision is limited, there can be no impairment of the enforcement of the aforementioned Act.

The last contention of the government to be considered is that the plea of res judicata was directed to but one count of the libel and that it is entitled to a trial upon the other count, i. e., upon the issue of whether the labels gave adequate direction for use. We are of the view that this contention is not tenable. As appears from the record, this case was submitted by both parties upon a stipulation of "all of the facts." The parties so understood it and so did the lower court. The suit was tried upon the issue of res judicata as to the whole libel, and the government's contention to the contrary comes too late.

The judgment of the District Court is affirmed.