UNITED STATES v. FIVE CASES, EACH CONTAINING ONE DEMIJOHN FIVE-GALLON SIZE, OF CAPON SPRINGS WATER et al. (CAPON WATER CO. et al., Interveners).

No. 286, Docket 20180.

Circuit Court of Appeals, Second Circuit.

July 17, 1946.

John F. X. McGohey, U. S. Atty., of New York City (Stanley H. Lowell, of New York City, Vincent A. Kleinfeld, of Washington, D. C., and James B. Goding, of Boston, Mass., of counsel), for appellant.

Horace M. Gray, of New York City, for appellees.

Before L. HAND, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

This is a libel in rem brought under the Food, Drug and Cosmetic Act, 21 U.S.C.A. § 301 et seq., based upon the alleged misbranding of "Capon Springs Water." The District Court dismissed the libel upon defenses of res judicata based upon two prior proceedings. The "Capon Springs Water" was alleged to be misbranded because of the following statement which appears on the bottle labels:

"Rebuilds as it Cleanses * * *

"The Indians Called It Ca-Ca-Pa-On— 'Health Water' * * *

"Known to physicians as alkaline, because it contains by nature those elements needed to counteract *acidity*.

" * * * beneficial in restoring the normal activity of the kidneys and bowels.

"Use According To A Natural Law of Health * * *

"For the best results * * * drink 2 glasses on rising, 2 more during the morning, 2 during the afternoon and 1 or 2 at night * * *"

The foregoing statements are said to be false and misleading because they represent that the article when consumed according to directions will rebuild the body while cleansing it of waste matter, will exert an alkaline effect on the body by counteracting acid condition, will serve to restore improperly functioning kidneys and bowels to their normal activity, and will exert benefits to health greatly in excess of those derived from the consumption of ordinary drinking water

In the former suit by the United States brought in the District Court for the Eastern District of Pennsylvania in 1928, "Capon Springs Water" was alleged to have been misbranded and was sought to be forfeited under the then terms of the Food and Drugs Act, which at that time required as a condition of any misbranding which would cause forfeiture of the articles therefor that the packages or labels containing them should bear a statement regarding the curative or therapeutic effects of the article "which is false and fraudulent." 21 U.S.C.A. § 10. But under the amended Food and Drug Act, 21 U.S.C.A. § 352, which governs the present litigation, a drug or device is deemed misbranded "(a) if its labeling is false or misleading in any particular." In other words, the amended act dispenses with the necessity of proving fraud in the misbranding so that the prior adjudication in United States v. Ninety-Four Dozen, More or Less, Bottles Capon Springs Water, D.C., 48 F.2d 378, affirmed 3 Cir., 51 F.2d 913, to the effect that there was no fraud in the branding was not a bar to the present proceeding, since the court was not there required to make any finding that the statements were misleading if no fraud was proved and it made none. As the causes of action in that proceeding and in this are not the same, there is no res judicata and, as none of the present issues were determined in the prior proceeding, there is no estoppel.

In 1936 the Federal Trade Commission filed a complaint against Capon Water Company and Louis L. Austin, claimants herein, charging them with falsely advertising "Capon Springs Water" as curing or aiding in the treatment of many diseases and introduced as evidence of misbranding the label from which we have quoted beginning with the words: "Rebuilds as it cleanses * * *" The Commission by its findings of January 20, 1938, determined that the claimants represented in their advertising that "Capon Springs Water" *alone* would cure the various diseases and ailments mentioned, where as in fact the use of that water *alone* would not have such an effect, and the acts of the claimants therefore had a tendency to and did "mislead and deceive the purchasing

public and caused them erroneously to believe that the use of said water alone will cure the various diseases * * *" The Commission accordingly ordered the Capon Water Company, Capon Springs Mineral Water, Inc., and Louis L. Austin to cease and desist from representing that the use of the water alone would cure the various diseases mentioned. The court below treated this order as equivalent to an approval of forms of advertising which did not represent that "Capon Springs Water" *alone* would cure or relieve the ills referred to. The court's interpretation of the prior order is unwarranted. We cannot understand how a failure to make any finding except that the use of "Capon Springs Water" *alone* would not have curative effects can be the equivalent of a finding that the water had the curative effects when not used alone. For this reason there was no estoppel against the United States in the assertion of its general claims in the present libel. Clearly the decision in the prior proceeding was not res judicata since it was founded upon a different claim from that asserted in the case at bar. There can be no basis for the contention that the finding of the Commission that the claimants falsely represented that the use of "Capon Springs Water" *alone* would cure diseases should indirectly operate in their favor though they are the very parties against whom the former decision was rendered. Even if the decision had any relevance here it should operate as an estoppel against the claimants pro tanto rather than in their favor. Under any possible theory the former decision of the Commission that the representation was misleading that the use of "Capon Springs Water" *alone* would cure the various diseases, was a finding of an ultimate fact which under The Evergreens v. Nunan, 2 Cir., 141 F.2d 927, 152 A.L.R. 1187, could not be used as a "mediate datum" in the present proceeding.

In George H. Lee Co. v. Federal Trade Commission, 8 Cir., 113 F.2d 583, and United States v. Willard Tablet Co., 7 Cir., 141 F.2d 141, 152 A.L.R. 1194, it was held that an estoppel by judgment existed against the United States and the Federal Trade Commission in respect to findings of fact rendered in a prior proceeding

which were in favor of the defendant. But in the case at bar no findings in favor of the claimants were made in the prior proceeding. They are here attempting to use the findings formerly rendered in favor of the United States for their benefit. The reason for such a contention we cannot comprehend.

It is unnecessary for us to discuss here the contention of the plaintiff that, irrespective of any general rules of res judicata or estoppel by judgment, the Commission had a right to change its decision, for we have shown above that no such rules could be applicable under the facts disclosed in the record.

The suggestion of the claimants that because under § 45(*l*) of the Federal Trade Commission Act, 15 U.S.C.A. § 45 (*l*), they are made subject to a penalty for a violation of a cease and desist order, that remedy is exclusive and a forfeiture proceeding under the Food, Drug and Cosmetic Act will not lie, is unwarranted. The remedies are plainly cumulative and not exclusive.

The order is reversed and the cause is remanded with directions to proceed in accordance with the views expressed in this opinion.