**WARNER–LAMBERT COMPANY,**
**Plaintiff,**

v.

**FEDERAL TRADE COMMISSION et al.,**
**Defendants.**

**Civ. A. No. 652–73.**

United States District Court,
District of Columbia.

June 14, 1973.

949

H. A. Bergson and Arthur B. Wineburg, & Adler, Margolis Borkland, Bergson, Washington, D. C., for plaintiff.

Robert M. Werdig, Jr., Washington, D. C., for defendants.

## MEMORANDUM OPINION AND ORDER

JOHN H. PRATT, District Judge.

This matter is before the Court for consideration of defendants' motion for summary judgment. Upon consideration of the complaint, the motion of defendants for summary judgment, the opposition of plaintiff thereto, and it appearing to the Court that there is no genuine issue as to any material fact, the motion of defendants for summary judgment is granted, based upon the following:

Plaintiff, Warner-Lambert Company (hereinafter referred to as "Warner-Lambert"), is engaged in the manufacture, advertising, labeling and sale of

the mouthwash preparation Listerine Antiseptic (hereinafter referred to as "Listerine").

The Federal Trade Commission (hereinafter referred to as "FTC") is an administrative agency of the United States established by the Federal Trade Commission Act, 15 U.S.C. § 41 et seq. for the purpose, *inter alia,* of preventing unfair methods of competition and unfair and deceptive acts and practices.

Individual defendants, Engman, Dixon, MacIntyre, Jones and Dennison are commissioners of the FTC.

Individual defendants Weinberger and Gardner (hereinafter referred to collectively as "FDA") are the Secretary of Health, Education and Welfare and the Acting Commissioner of Food and Drugs, respectively.

The Secretary and Commissioner are responsible, *inter alia,* for the enforcement of the Federal Food, Drug and Cosmetic Act. 21 U.S.C. § 301 et seq.

## *Preliminary Statement*

This action seeks to restrain the Federal Trade Commission from undertaking further proceedings in FTC Docket No. 8891, and to restrain the Secretary of Health, Education and Welfare and the Commissioner of Food and Drugs from further proceeding with its review of over-the-counter cold remedies, unless and until the two federal agencies take appropriate action to prevent the conduct of two simultaneous proceedings with regard to the cold and sore throat claims of Listerine Antiseptic. The action further seeks to restrain the Federal Trade Commission from undertaking further proceedings in FTC Docket No. 8891 with regard to the cold and sore throat labeling claims of Listerine Antiseptic.

## A.

### *The FTC Proceeding*

Plaintiff is the respondent in an adjudicative proceeding presently pending before the FTC under FTC Docket 8891.

The proceeding was initiated by issuance of an administrative complaint on June 27, 1972. A copy of the administrative complaint is attached to Warner-Lambert's complaint as Attachment A.

The complaint, in general, alleges Warner-Lambert, in its advertising, offering for sale, sale and distribution of the mouthwash preparation Listerine to retailers for resale to the public, has misrepresented by false, deceptive and misleading statements the effect of the product in the prevention, cure, treatment and mitigation of colds and sore throats. The false, deceptive and misleading statements were, it is averred, made on packages or labels, printed advertisements, and television commercials.

The allegations of the complaint also state Warner-Lambert has falsely represented that the use of Listerine would make colds milder or less severe, by relieving or lessening the severity of cold symptoms to a significant degree. It is also stated Warner-Lambert has misrepresented that its most recent test results and studies prove or support the representation that children "who gargle with Listerine twice a day have fewer and milder colds and miss fewer days of school because of colds than do those children who do not gargle with Listerine twice a day."

The complaint further alleges Warner-Lambert, through the use of the statement "Kills Germs by Millions on Contact," represents, contrary to fact, that the ability of Listerine to kill germs is of medical significance in the prevention, cure or treatment of colds and sore throats. Such representations, the complaint states, have the capacity and tendency to mislead the purchasing public into the purchase of substantial quantities of Listerine to the injury of the public and in violation of Section 5 of the Federal Trade Commission Act (15 U.S.C. § 45).

Warner-Lambert, on August 30, 1972, filed an answer denying the substantive averments of the FTC complaint (Attachment B to the complaint). Hear-

ings before the Administrative Law Judge have been scheduled to commence on September 24, 1973.

## B.

### *The FDA Proceeding*

Recognizing that self-medication is essential to the nation's health care system, FDA has concluded: it is "imperative that over-the-counter drugs available for human use be safe and effective and bear fully informative labeling" and a substantial number of the 100,000 to 500,000 over-the-counter drugs on the market do not have their claimed effect. 37 Fed.Reg. 85 (1972). Because of the inadequacy, great cost, and burden on the courts of proceeding against individual drugs on a case-by-case basis, the Commissioner of Food and Drugs, on December 30, 1971, proposed new regulations setting up a procedure for a thorough and complete review of all over-the-counter drugs. 37 Fed.Reg. 85 (1972).

The proposed regulations were published in final form on May 11, 1972.[1] An advisory panel of qualified experts, for each of 26 categories of over-the-counter drugs, upon consideration of, *inter alia,* data submitted by drug manufacturers relating to the safety and effectiveness of the drug involved, will submit to the Commissioner a report containing its conclusions and recommendations with respect to the category of drug it has reviewed. Included in this report will be a recommended monograph, which shall establish the conditions under which the drugs involved are generally recognized as safe and effective and not misbranded. 21 C.F.R. 130.301(a)(1)–(5), 37 Fed.Reg. 9474 (1972). Thereafter, the Commissioner shall publish: (1) a proposed monograph, after which comments are in-

vited; (2) a tentative final monograph, following a review of the comments received; and (3) a final monograph, following a review of the objections of the tentative final monograph and a consideration of any oral hearing before the Commissioner, if any. The final monograph constitutes final agency action from which appeal lies to the courts. 21 C.F.R. 130.301(a)(10). Any product which fails to conform to the final monograph is liable to regulatory action. 21 C.F.R. 130.301(a)(12), 37 Fed.Reg. 9475 (1972).

Advisory panels of experts for certain of the categories of OTC drugs have already convened. One proposed monograph, relating to antacid drugs, has been published. 38 Fed.Reg. 8714 (1973). With respect to cold remedies, Listerine is one of many products to be reviewed. No monograph has yet been proposed. An invitation for all interested persons to submit data bearing on the safety and effectiveness of the ingredients of cough-cold remedies was published on August 9, 1972. 37 Fed.Reg. 16029. The purpose of FDA's request is to gain information seeking to establish product standards applicable to the entire industry. As a nonprescription cough and cold remedy, Listerine will be subject to the requirements of any monograph issued by FDA pursuant to the rulemaking proceedings.[2]

## C.

Plaintiff argues the two proceedings complained of are unlawful in that they violate a "rule" of both agencies. The "rule" which plaintiff asserts is binding upon defendants is a "Memorandum of Understanding" issued jointly by FTC and FDA and published at 36 Fed.Reg. 18539 (1971). Plaintiff's contention is erroneous. Even assuming, arguendo, the "rule" is binding on defendants,[3] it is

---

1. "Over-the-Counter (OTC) drugs for human use; procedures for rulemaking . . . ." 37 Fed.Reg. 9473.

2. Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); Ciba-Geigy Corp. v. Richardson, 446 F.2d 466 (2 Cir., 1971).

3. The informality of the agreement is evident in that by its express terms the Memorandum of Understanding may be terminated by either party upon thirty days' notice.

clear it does not apply to the proceedings in issue.

■    The Memorandum is an agreement between the two agencies promulgated primarily for the convenience of the agencies in carrying out their functions under two different statutes. The only parties to the agreement were the two agencies involved, and an individual private party, such as plaintiff, may not invoke the agreement in challenging these agency actions. Furthermore, in the Court's opinion, the agreement has not been breached. It is apparent from the affidavits of Messrs. Freer and Fine filed with the Court on May 1, 1973 that there was considerable liaison resulting in an express agreement between the two agencies sufficient to satisfy the requirements of the Memorandum of Understanding.

As far as the proceedings themselves are concerned, it is the Court's opinion they are quite different. As has been pointed out previously, the proceeding before the Federal Trade Commission is an adversary proceeding. It is an adjudicatory proceeding. It involves only Warner-Lambert.

The proceeding before the Food and Drug Administration is a rule-making proceeding. It involves thousands of manufacturers of over-the-counter products, including cold remedies. It is a proceeding which individual companies can participate in or decline to participate in, at their option, recognizing it may also be to their possible disadvantage.

If this Court were to require the Food and Drug Administration to exempt plaintiff from its proceeding, it seems such action would give plaintiff a discriminatory preference over the manufacturers of many products of a similar kind, namely, over-the-counter cold remedy products.

■    The joint proceedings which FDA and FTC agreed to limit were intended to be proceedings where the FTC would file a complaint seeking a cease-and-desist order on the basis of false and misleading claims, and where the FDA would institute a seizure proceeding seeking to condemn the product on the same grounds. It is certain that the present proceedings, i. e., the FDA review of all OTC drugs, and the FTC complaint against *one* OTC drug, are not within the provisions of the Memorandum of Understanding. For if this were the case, then the FTC would now be foreclosed from proceeding against any of the 100,000 to 500,000 OTC drugs currently on the market, no matter how false or how misleading the claims for such a product.

### D.

■    The Supreme Court has long held that the same issues and parties may be proceeded against simultaneously by more than one agency. FTC v. Cement Institute, 333 U.S. 683, 68 S.Ct. 793, 92 L.Ed. 1010 (1948); United States v. W. T. Grant Company, 345 U. S. 629, 631–632, 73 S.Ct. 894, 97 L.Ed. 1303 (1953); United States v. Radio Corporation of America, 358 U.S. 334, 343–344, 79 S.Ct. 457, 3 L.Ed.2d 354 (1959); FTC v. Motion Picture Advertising Service Company, 344 U.S. 392, 73 S.Ct. 361, 97 L.Ed. 426 (1953); United States v. Borden Company, 347 U.S. 514, 74 S.Ct. 703, 98 L.Ed. 903 (1954). In FTC v. Cement Institute, *supra,* the defendant sought dismissal of the FTC proceedings on the basis that the Department of Justice had proceeded against them in District Court under the Sherman Act. The defendant, as plaintiffs do here, asserted that it was against the public interest to defend both the FTC proceeding and the Sherman Act proceeding which were based on the same alleged misconduct. The Supreme Court, in a holding that has been followed many times, stated that the Sherman Act and the Federal Trade Commission Act provide the Government with cumulative remedies which are not mutually exclusive.

■■    These same principles apply to the concurrent actions of FDA and FTC which may involve the same parties or

issues. The propriety of simultaneous FDA–FTC proceedings involving the same issues does not, as claimant would have this Court believe (Complaint, par. 17), present a novel legal issue. For in at least three cases, the courts, including this Court, have held that concurrent FDA–FTC proceedings involving the same or similar matters are proper, and that the statutory remedies of the two agencies are cumulative and not mutually exclusive. United States v. 1 Dozen Bottles, etc., 146 F.2d 361 (4 Cir. 1944); United States v. 5 Cases . . . Capon Springs Water, 156 F.2d 493 (2 Cir. 1946); United States v. " . . . Instant Alberty Food . . . .", 83 F.Supp. 882 (D.D.C. 1949).

■ In the present case, even if the disparate actions of the FTC and FDA could be construed as simultaneous duplicative proceedings against Listerine Antiseptic, it is clear that the action is neither unlawful nor arbitrary and capricious and therefore plaintiff has no basis upon which to maintain this action.

### E.

Plaintiff has available administrative remedies before each agency which have not been exhausted. Still to be completed before FTC is the administrative proceeding in which Warner-Lambert will have full opportunity to present evidence and argument in its behalf. If the adjudicative proceedings do terminate in an order against Warner-Lambert to cease and desist, Warner-Lambert has the right to appeal directly to a United States Court of Appeals. Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45. The Act further provides that the jurisdiction of the courts of appeals "to affirm, enforce, modify or set aside orders of the Commission shall be exclusive." 15 U.S.C. § 45(d). The Act nowhere provides for a review in district courts of interlocutory rulings by the Commission, and 5 U.S.C. § 704 expressly provides: "A preliminary, procedural or intermediate agency action or ruling not directly reviewable is subject to review on the review of the final agency action." Similarly, if FDA issues a monograph at the conclusion of its proceedings, review of that action may be sought in the courts.[4]

### Conclusion

Having considered the foregoing, the Court concludes: there is a rational basis for the actions of each of the agencies in initiating and pursuing their individual proceedings; plaintiff does not have standing to challenge, in this action, the Memorandum of Understanding between the agencies; the two agencies complied with the provisions of the Memorandum of Understanding; the proceedings before the two agencies are not duplicative; plaintiff has not exhausted its administrative remedies; there is no evidence of record that plaintiff is required to respond to the proceeding before FDA, although its failure to respond may be at its peril; and there is no indication that it is in the public interest to enjoin the disparate agency proceedings at this stage.

In summary, plaintiff has not met the criteria for the granting of a preliminary injunction and its motion for a preliminary injunction is denied. Count II of the complaint seeking a permanent injunction against FTC maintaining the labeling charges against plaintiff is dismissed and defendants' motion for summary judgment is granted.

The foregoing shall constitute the Court's Findings of Fact, Conclusions of Law, and Order.

4. 21 C.F.R. 130.301(a)(10) provides that the monograph contained in the final order constitutes final agency action from which appeal lies to the courts.