**CIBA–GEIGY CORPORATION, a corporation of the State of New York, Petitioner,**

**v.**

**Elliott L. RICHARDSON, Secretary of Health, Education & Welfare and Dr. Charles C. Edwards, Commissioner of Food and Drugs, Respondents.**

**No. 934, Docket 35614.**

United States Court of Appeals, Second Circuit.

Argued June 28, 1971.

Decided July 16, 1971.

Clyde A. Szuch, Newark, N. J. (Pitney, Hardin & Kipp and Michael E. Rodgers, Newark, N. J., on the brief), for petitioner.

Howard S. Epstein, Atty., Dept. of Justice, Washington, D. C. (Will Wilson, Asst. Atty. Gen., John L. Murphy, Chief, Administrative Regulations Section, Charles R. McConachie, Atty., Dept. of

Justice, Washington, D. C., William W. Goodrich, Asst. Gen. Counsel, Food, Drugs and Environmental Health Division, Robert N. Anderson, Atty., U. S. Dept. of Health, Education and Welfare, Rockville, Md., on the brief), for respondents.

Before MOORE, FEINBERG and MANSFIELD, Circuit Judges.

PER CURIAM:

Petitioner ("CIBA") seeks review of a final order of the Commissioner of Food and Drugs, Department of Health, Education and Welfare, dated September 21, 1970, 35 Fed.Reg. 15233, which withdrew approval of CIBA's drug product, Ritonic Capsules, on the ground that there was lack of "substantial evidence"[1] to support claims of effectiveness made for the drug in CIBA's promotional labeling. See Commissioner's Regulations, 21 C.F.R. §§ 130.12, 130.14. The petition raises an issue as to the conditions under which a new drug applicant is entitled to a hearing under §§ 505(d) and (e) of the Food, Drug & Cosmetic Act (the "Act") and whether such a hearing may be conditioned upon the manufacturer's first furnishing certain evidence as to the efficacy of the drug under consideration.

In 1962 the Act was amended to impose new proof requirements upon manufacturers seeking approval of drugs for marketing, including the burden of proving that the drug would be safe and effective under the conditions of use prescribed, recommended or suggested in its labeling. It is undisputed that even though a drug may have been approved as *safe* prior to the effective date of the amendments, approval could thereafter be withdrawn upon a finding of lack of substantial evidence to support the promotional claims of *effectiveness* and that such evidence is properly defined as consisting of adequate and well controlled clinical investigations conducted by experts.

In an effort to implement the 1962 amendments, the Commissioner issued procedural regulations to the effect that in a proceeding to withdraw approval of a new drug application for lack of substantial evidence of the drug's effectiveness, the applicant must set forth specific facts in the form of studies and an analysis of medical data showing that a genuine issue of facts exists. CIBA refused to come forward with such proof, contending that with respect to drugs subject to pre-clearance under § 505 of the Act, it was entitled as a matter of absolute right to a full evidentiary hearing which could not be so conditioned. We disagree.

The relevant statutory sections §§ 505(e) and (d) of the Act, 21 U.S.C. §§ 355(e) and (d), both provide that the applicant be given an "opportunity for a hearing." In construing this

---

1. The action to withdraw approval was taken pursuant to § 505(e) of the Food, Drug and Cosmetic Act, 21 U.S.C. § 355(e), which provides:

"(e) The Secretary shall, after due notice and opportunity for hearing to the applicant, withdraw approval of an application with respect to any drug under this section if the Secretary finds * * * (3) on the basis of new information before him with respect to such drug, evaluated together with the evidence available to him when the application was approved, that there is a lack of substantial evidence that the drug will have the effect it purports or is represented to have under the conditions of use prescribed, recommended, or suggested in the labeling thereof."

The term "substantial evidence" is defined in § 505(d) of the Act, which provides:

"As used in this subsection and subsection (e), of this section, the term 'substantial evidence' means evidence consisting of adequate and well-controlled investigations, including clinical investigations, by experts qualified by scientific training and experience to evaluate the effectiveness of the drug involved, on the basis of which it could fairly and responsibly be concluded by such experts that the drug will have the effect it purports or is represented to have under the conditions of use prescribed, recommended, or suggested in the labeling or proposed labeling thereof."

phrase the Commissioner has the power to issue binding interpretative regulations, e. g., Abbott Laboratories v. Gardner, 387 U.S. 136, 87 S.Ct. 1507, 18 L. Ed.2d 681 (1967). Indeed the particularization of a statute by rule-making is not only acceptable in lieu of protracted piecemeal litigation, e. g., Thorpe v. Housing Authority, 393 U.S. 268, 89 S. Ct. 518, 21 L.Ed.2d 474 (1969); NLRB v. Wyman-Gordon Co., 394 U.S. 759, 89 S.Ct. 1426, 22 L.Ed.2d 709 (1969), but it is the preferred procedure, e. g., Elman, A Note on Administrative Adjudication, 74 Yale L.J. 652, 654-55 (1965); see generally, Shapiro, The Choice of Rule Making or Adjudication in the Development of Administrative Policy, 78 Harv.L.Rev. 921 (1965).

The purpose of the hearing is to resolve genuine and substantial issues of fact. Unless those issues are defined in advance, a great deal of time and effort may be wasted. The regulations here under consideration, like those Rules of Civil Procedure which govern pretrial discovery in civil litigation, are sound and reasonable. Just as a complaint in a civil suit may be dismissed without trial for failure to furnish essential facts required to narrow the issues (see Rule 37(d), F.R.C.P.) or be the subject of summary judgment without trial in the absence of any genuine fact issues (Rule 56, F.R.C.P.), a new drug application entitles the applicant to a hearing only upon a showing that a genuine issue exists as to the material question of the drug's effectiveness. In the present case CIBA could have obtained a hearing simply by compiling and presenting the evidence needed to make out a *prima facie* case. No valid reason is offered for its not doing so. Thus it was afforded the "opportunity for a hearing," to which it was entitled under § 505(e) of the Act, 21 U.S.C. § 355(e). It may not complain because of its failure to make the essential pretrial disclosures.

It is true that the language of §§ 505(e) and (d) of the Act, 21 U.S.C. §§ 355(e) and (d), is somewhat different from the standards of § 507(f) of the Act, 21 U.S.C. § 357(f), which specifically provides that a statement of "reasonable grounds" is a precondition to a hearing. But the difference in language is not enough to persuade us that Congress intended a full scale evidentiary hearing to be held despite the absence of valid factual issues to be heard. It would be senseless to require the Commission to go through such a useless and wasteful ritual. Accordingly, we find the Commissioner's regulation to be reasonable and salutary, as have other courts which have ruled on the issue. UpJohn Co. v. Finch, 422 F.2d 944, 954 (6th Cir. 1970); P. M. A. v. Richardson, 318 F.Supp. 301, 312 (D.Del.1970); cf. Pfizer, Inc. v. Richardson, 434 F.2d 536, 543 n. 11 (2d Cir. 1970).

In view of our holding it is unnecessary to consider the Commission's alternative argument, that CIBA, a member of the Pharmaceutical Manufacturers Association, is collaterally estopped from litigating this issue by the decision in P. M. A. v. Richardson, 318 F.Supp. 301 (D.Del.1970).