**DIAMOND LABORATORIES, INC., an Iowa Corporation, Petitioner,**

v.

**Elliott L. RICHARDSON, Secretary of Health, Education and Welfare, and Dr. Charles C. Edwards, Commissioner of Food and Drugs, Respondents.**

No. 71–1163.

United States Court of Appeals, Eighth Circuit.

Jan. 3, 1972.

---

Addison M. Parker, L. Warren Shank, Des Moines, Iowa, for Diamond Laboratories, Inc.; Dickinson, Throckmorton, Parker, Mannheimer & Raife, Des Moines, Iowa, of counsel.

C. Coleman Bird, Atty., Antitrust Div., Dept. of Justice, Washington, D. C., Richard W. McLaren, Asst. Atty. Gen., Bruce B. Wilson, Chief Consumer Affairs Section, Howard S. Epstein Atty., Antitrust Div., Dept. of Justice, Washington, D. C., for respondents; Alvin L. Gottlieb, Deputy Asst. Gen. Counsel, Joanne S. Sisk, Atty., Dept. of H. E. W., Rockville, Md., of counsel.

Before MATTHES, Chief Judge, LAY, Circuit Judge, and HUNTER, District Judge.*

MATTHES, Chief Judge.

This case is here on petition for review of the Order of the Secretary of Health, Education and Welfare, entered pursuant to 21 U.S.C. § 360b(e),[1] entered on February 4, 1971, withdrawing approval of New Animal Drug Application 35–129V. The petition for review was filed pursuant to 21 U.S.C. §§

360b(h) and 355(h). The Order under attack is published, sub nom. Diamond Laboratories, 36 F.Reg. 3211 (1971).

On February 4, 1971, the same day the Order was signed, the Secretary, acting through the FDA, requested Diamond immediately to recall from the market the animal drug which had been approved for sale. Diamond's request to FDA to stay its Order pending disposition of this appeal was denied, and Diamond thereafter recalled the product to the retail level. See 21 U.S.C. § 360b(a).

FDA Regulation No. 130.14(b), 21 C. F.R. pp. 135–36, provides in relevant part:

> . . . A request for a hearing may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine and substantial issue of fact that requires a hearing. When it clearly appears from the data in the application and from the reasons and factual analysis in the request for the hearing that there is no genuine and substantial issue of fact which precludes the . . . withdrawal of approval of the application . . . the Commissioner will enter an order on this data, making findings and conclusions on such data.

Diamond concedes the fairness and validity of the FDA regulation pursuant to which the contested order was issued, but challenges the application of the regulation in this case. The narrow issue presented, as framed by petitioner, is as follows:

> Whether in denying Diamond's request for hearing the Commissioner

---

* Western District of Missouri, sitting by designation.

1. The statute provides in pertinent part:
   (1) The Secretary shall, after due notice and opportunity for hearing to the applicant, issue an order withdrawing approval of . . . any new animal drug if the Secretary finds—

   (A) that experience or scientific data show that such drug is unsafe for use under the conditions of use upon the basis of which the application was approved;
   (B) that new evidence not contained in such application or not available to the Secretary until after such application was approved . . . evaluated together with the evidence available to the Secretary when the application was approved, shows that such drug is not shown to be safe for use under the conditions of use upon the basis of which the application was approved . . .

erroneously concluded that Diamond had failed to present sufficient data and information to raise a genuine and substantial issue of fact and to show that it does not clearly appear that there is no genuine and substantial issue of fact as to the safety of Talodex.

A discussion of the history of the case must precede disposition of the issue.

The FDA granted Diamond approval on February 12, 1969, to market Talodex, a new drug to be administered by injection to dogs suffering from mange, heartworm, hookworm, ringworm, ticks and fleas. The principal ingredient of Talodex is fenthion, an organic phosphate. Organic phosphates are commonly used as insecticides and pesticides. Fenthion and other organic phosphates cause inhibition of cholinesterase, an enzyme the presence of which is vital to the transmission of nerve impulses. Excessive exposure to organic phosphates results in organic phosphate poisoning, which may cause death.

Pursuant to FDA Regulation, 21 C.F.R. 130.13, Diamond was required to and did submit semi-annual reports on the experiences of persons using Talodex after its approval. Diamond recognizes in its brief that the information it submitted showed that between February 1, 1969 and May 30, 1970 it received and reported a total of 31 field reports involving 94 dogs. (Reports received from veterinarians.) Forty-eight of these dogs had died; additionally, ten adverse reactions, including two deaths, had been reported directly to the FDA, bringing the total adverse reactions to 104. Agency officials made a preliminary determination that Talodex was not safe.

The government is granted power by 21 U.S.C. § 360b(e), *supra,* to withdraw approval of animal drugs found to be unsafe or ineffective. The statute provides, however, that prior to issuance of an order withdrawing approval the drug manufacturer must be given notice and an "opportunity for hearing." Notice was given in this case by publication in the Federal Register, 35 F.Reg. 8609 (1970), inviting interested persons to request a hearing pursuant to 21 C.F.R. 130.14(b), *supra.* The language of the regulation was incorporated into the published notice.

Diamond filed a timely request for hearing. The request was supported by a 40-page document which included, *inter alia,* favorable supplementary reports from most of the veterinarians who had reported the initial 94 trouble cases, as well as Diamond's re-evaluation of those cases.

The veterinarians reported, according to Diamond, that subsequent to the early adverse reactions they had treated more than 1,700 dogs with Talodex and had observed no serious complications.

Diamond's re-evaluation of the 94 trouble reports found that 14 of the adverse reactions, including seven deaths, were attributable to inaccurate administration of the drug (*i. e.,* the drug was injected with syringes which lacked fine calibration or else the dogs' weights, which were important factors in determining proper dosages, had not been ascertained with accuracy.) Five adverse reactions, including two deaths, according to Diamond's supporting document, were not reported in sufficient detail or otherwise did not permit the drawing of reasonably probable conclusions. Additionally, reports involving nine dogs (four deaths) indicated that there were no symptoms of organic phosphate poisoning present, so that Talodex would not seem to have been implicated. Diamond did conclude, however, that 41 of the adverse reactions, including 20 deaths, resulted from the additive effect of exposure to other anti-cholinesterase substances at or about the time of treatment with Talodex. Further, Diamond concluded that the remaining 25 cases (15 deaths) apparently implicated Talodex, although the company claimed that even in these cases there appeared to have been other contributing causes.

In its Order withdrawing approval of New Animal Drug Application and de-

nying Diamond's request for a hearing, the FDA accorded careful consideration to the argument advanced and the information furnished by Diamond in support of its request for a hearing. The Commissioner's evaluation of the facts before him at the time the Order was filed is delineated at 36 F.Reg., 3211–3212. This obviates the necessity of reciting here the Commissioner's analysis of the facts before him and his rationale in reaching his decision. It is sufficient to set out only that part of the Order relating to the findings, which are:

D. *Findings.* The Commissioner, based on his review of the [original application], drug experience reports, and new information supplied by Diamond, finds that Diamond has failed to provide data and information that raises a genuine and substantial issue of fact which would entitle Diamond to a Hearing because the data and information show that Talodex lacks a margin of safety and there is no substantial evidence of efficacy to allow its continued . . . approval. Therefore, pursuant to provisions of the Federal Food, Drug, and Cosmetic Act . . . and under authority delegated to the Commissioner . . . approval of [Talodex] is withdrawn . . .

36 F.Reg. at 3212. We have considered the Order in its entirety in light of the information and evidence submitted by Diamond and are satisfied that the FDA's action was fully warranted.

Because of Diamond's strenuous contention on appeal that the FDA acted arbitrarily in denying it an opportunity to offer additional evidence at another hearing, we give this issue additional consideration.

The statute, 21 U.S.C. § 360b(e), *supra,* permits withdrawal of previously granted approval where:

new evidence not contained in [the original] application . . . shows that such drug is not shown to be safe for use under the conditions of use upon the basis of which the application was approved.

As noted, the regulation, 21 C.F.R. 130.14(b), *supra,* authorizes denial of an evidentiary hearing prior to withdrawal of approval where the facts upon which withdrawal is to be based are not substantially at issue. Our analysis of the pertinent data forming the premise for the FDA's Order constrains us to hold that the Commissioner was justified in acting summarily without an evidentiary hearing.[2]

We note in conclusion that there was substantial disagreement between the parties at oral argument concerning the tests to be applied in determining whether an evidentiary hearing was required before an order may be entered withdrawing an approval to market a product. Counsel for Diamond argued that the standard in these proceedings must be the same as that applied pursuant to Fed.R.Civ.P., Rule 56(c), 28 U.S.C., to motions for summary judgment in ordinary civil litigation:

. . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Counsel for FDA contended that in the Food and Drug Act, "Congress was

---

2. This holding is clearly justified by two grounds relied upon in the FDA Order withdrawing approval: (1) new evidence, including Diamond's own admission, that Talodex did indeed have a harmful additive effect, and (2) disparity between the mortality rate indicated in Diamond's original submission and that computed on the basis of reports from vet-erinarians and others using Talodex after its approval. See 36 F.Reg. at 3211–3212. Either ground alone would have been sufficient to authorize withdrawal of approval, particularly since Diamond did not controvert the facts basic to either ground. Consequently, no evidentary hearing was required. 21 C.F.R. 130.14(b), *supra.*

dealing . . . with an area different from ordinary civil litigation," citing Pfizer, Inc. v. Richardson, 434 F.2d 536, 543 n. 13 (2d Cir. 1970) (concerning a similar but separate statute), and that the FDA is authorized to incorporate a greater element of expediency into its procedures than are the federal district courts.

We find the question resolved in favor of an analogy to Rule 56 by the plain language of the regulation:

> When it clearly appears . . . that there is no genuine and substantial issue of fact which precludes the . . . withdrawal of approval . . . the Commissioner will enter an order [without having held a hearing.]

21 C.F.R. 130.14(b), *supra*. See CIBA–Geigy Corp. v. Richardson, 446 F.2d 466, 468 (2d Cir. 1971) (also concerning a similar but separate measure). But even under this standard the Secretary must prevail in the present case. As this record shows, there was no genuine and substantial issue of fact as to the grounds relied upon for withdrawing approval.

The challenged Order is sustained.