CIBA CORPORATION, a corporation of the State of Delaware, Appellant,

v.

Elliott L. RICHARDSON, Secretary of Health, Education & Welfare, and Dr. Charles C. Edwards, Commissioner of Food and Drugs.

No. 71–1512.

United States Court of Appeals, Third Circuit.

Argued April 11, 1972.

Decided June 5, 1972.

Clyde A. Szuch, Pitney, Hardin & Kipp, Newark, N. J., for appellant.

Cheryl S. Karner, Consumer Affairs, Section, Dept. of Justice, Washington, D. C., for appellee.

Before HASTIE, VAN DUSEN and ALDISERT, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

Ciba Corporation has taken this appeal from an order of the District Court for the District of New Jersey dismissing a complaint in which Ciba sought a declaratory determination that its drug product, Ritonic Capsules, is exempt from the requirement of 1962 amendments of the Federal Food, Drug and Cosmetic Act, 21 U.S.C. § 355, that new drugs be excluded from the market unless proven effective as claimed for them. The com-

**226**

plaint also sought an injunction against the implementation of an administrative order, entered by the Commissioner of Food and Drugs after notice and opportunity for an evidentiary hearing, that withdrew approval of the drug upon the basis of a finding that the manufacturer's claims as to its effectiveness were unproven. On appeal, the Court of Appeals for the Second Circuit has affirmed that order. Ciba-Geigy Corp. v. Richardson, 1971, 446 F.2d 466. That affirmance occurred after the district court had dismissed the present suit and is subject to review by the Supreme Court.

■ The appellant's basic position seems to be that neither the Commissioner in an administrative proceeding under § 355(e) to determine whether lack of effectiveness as claimed makes a drug unmarketable, nor a court of appeals in reviewing the administrative decision, has jurisdiction to decide as a threshold question whether the product in controversy is a "new drug" within the meaning of the statute, § 355, that covers "new drug" applications and administrative proceedings pursuant thereto. We find no merit in that argument. Inherent in the grant of administrative competency to conduct and decide new drug proceedings is jurisdiction to decide whether the product in question in a given case is lawfully subject to such a proceeding. And, if the administrative agency takes jurisdiction, the same jurisdictional issue is present for judicial review on direct appeal from the administrative decision.

■ In disapproving Ritonic Capsules the Commissioner and the Court of Appeals for the Second Circuit necessarily decided that the 1962 amendments of the Act were applicable to that product. That determination is reviewable by the Supreme Court. It is neither necessary nor appropriate that the District Court for the District of New Jersey entertain a separate suit by the loser in the administrative proceeding and in the direct appeal therefrom for a redetermination of the same question.

The judgment will be affirmed.